PER CURIAM.
The State appeals an order granting defendant’s motion for protective order. Because this order is non-appealable, Florida Rule of Appellate Procedure 9.140(c), we treat the appeal as a petition for writ of certiorari, State v. Pettis, 520 So.2d 250 (Fla.1988), and deny the petition.
Contrary to the state’s allegations, the trial court did not depart from the essential requirements of law in conducting an in camera hearing to determine whether the witness’s proffered testimony would divulge information protected by the attorney-client privilege. Florida Rule of Criminal Procedure 3.220(m) provides:
On request of any person, the court may permit any showing of cause for denial or regulation of disclosures, or any portion of such showing, to be made in camera. A record shall be made of such proceedings. *963 If the court enters an order granting the relief following a showing in camera, the entire record of the showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.
In this case, the record reveals that the trial court conducted the in camera hearing in the presence of defendant and defense counsel, the court reporter, and the witness. However, the trial judge alone questioned the witness and the defendant. An in camera hearing is a proper procedure to determine if the witness’s testimony is protected under the attorney-client privilege. See Zanardi v. Zanardi, 647 So.2d 298 (Fla. 3d DCA 1994) (petitioner entitled to in camera inspection to determine if claim of attorney-client privilege is valid); Superior Ins. Co. v. Holden, 642 So.2d 1139 (Fla. 4th DCA 1994) (request for in camera inspection of documents proper to determine extent of attorney-client privilege). The state, already acquainted with the content of the witness’s testimony, was given the opportunity to present the court with its arguments, to submit legal memoranda briefing the court on its position, and to submit the questions it wished the court to ask the witness. See Cruse v. State, 588 So.2d 983 (Fla.1991) (no error in conducting in camera hearing without defendant’s presence; defendant allowed to submit proposed questions prior to hearing), cert. denied, 504 U.S. 976, 112 S.Ct. 2949, 119 L.Ed.2d 572 (1992). The record demonstrates that the court followed the requirements of the rule; the state has not demonstrated how it was prejudiced by these proceedings, and the record does not reveal any prejudice. Certiorari must be reserved for those instances where “there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Pettis, 520 So.2d at 254 (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)).
Certiorari is denied.
BASKIN and GERSTEN, JJ., concur.