PER CURIAM.
Thomas C. Little seeks certiorari review of the trial court’s order entered on his motion to determine status of attorney-client privilege. We have jurisdiction. See State v. Young, 654 So.2d 962 (Fla. 3d DCA 1995).
The underlying case is a criminal prosecution’ of Little, and his co-defendant, David Whitten. Little and Whitten have been charged with scheming to defraud a married couple, the Brights, who purchased Whitten’s home. Although it appears that Whitten drafted the contract for the sale, he consulted Little in preparing the document. In prosecuting Little, the State’s theory is that Little had knowledge of Whitten’s activities and gave him assistance in carrying them out.
In his petition, Little alleges that his lawyer spoke with Whitten’s former lawyer, and Little’s lawyer was told that Whitten was not going to testify for the State because Whitten “had nothing bad to say about Little.” Subsequently, Whitten obtained a new lawyer and now plans to testify for the State. At the hearing held on Little’s motion to determine status of attorney-client privilege, Little attempted to question Whitten’s former lawyer, but Whitten’s former lawyer refused to answer certain questions. Little accordingly filed a motion with the trial court seeking the testimony of Whitten’s former lawyer which Little contends, will exonerate him.
At the hearing held on Little’s motion, Whitten’s former lawyer refused to answer questions, consistently asserting the attorney-client privilege. She refused to answer one question, asserting her privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Whitten’s former lawyer did however admit that she told Little’s lawyer that Whitten “is not interested in giving a proffer and he has nothing bad to say about your client.”
In its order on Little’s motion, the trial court determined that Little was not permitted to ask Whitten’s former lawyer about anything Whitten told her because the questions would elicit hearsay and were designed to draw a response that would violate the attorney-client privilege. Moreover, the trial court declined Little’s request for an in camera hearing.
In so ruling, the trial court departed from the essential requirements of the law. The trial court should not have disallowed the testimony without first conducting an in camera hearing. See Fla. R.Crim. P. 3.220(m); Zanardi v. Zanardi, 647 So.2d 298 (Fla. 3d DCA 1994) (holding petitioner is entitled to an in camera inspection to determine if claim of attorney-client privilege is valid). Absent such a hearing, the trial court had no way of determining whether the privilege claims asserted by Whitten’s former counsel were valid. If those claims were not valid, Little would be entitled to discover the potentially exculpatory testimony of Whitten’s former lawyer.
The trial court’s order is accordingly quashed, and the case is remanded for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and WHATLEY and STRINGER, JJ., Concur.