POLEN, MARK E., Associate Judge.
We grant the petition for writ of certiorari and remand with instructions for an in camera investigation into petitioners’ claim of work-produet and attorney-client privilege. We conclude that the lower court’s order to construct a log is a departure from the essential requirements of section 90.502, Florida Statutes (1995). This departure may cause material injury to the petitioner that is irreparable on appeal under Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
Prior to addressing the merits of this cer-tiorari, we order the name Joseph M. Ger-sten stricken from the style of this proceeding. While Maria Del Carmen Calzón may represent Mr. Gersten in other matters, she states in her brief that she does not presently represent Mr. Gersten in this litigation. He is therefore without representation and has not filed any petition or paper in propria persona. We direct his name stricken from the style.
Turning to the merits, Maria Del Carmen Calzón and the firm of Calzón, Gayoso & Gersten [1], P.A., petitioners as amended, petition this court for a writ of certiorari to review the trial court’s interlocutory order compelling the petitioners to produce records and documents, or in the alternative, to produce a log listing the existence of certain documents. The petitioners consider the requested information protected as work product, or by the attorney-client privilege.
Ms. Calzón, and her firm of Calzón, Gayoso & Gersten, P.A., were served by Capital Bank of Florida with subpoenas duces tecum for records pertaining to a foreclosure action brought by Capital. Some of the information requested pertained to the petitioners’ representation of Joseph M. Gersten. Ms. Calzón moved to quash the subpoenas, asserting attorney-client privilege and work-product. The circuit court denied the motion and compelled the discovery of the documents. The court did, however, state that a log could be made of privileged documents which indicated the date of the document, its type, and the general contents of each document.
*281 The petitioners seek review of this order, arguing that it requires the admission or denial of the existence of certain documents. Petitioners assert that such an admission violates the attorney-client privilege because, if in existence, the documents could provide the “last link” in the chain of evidence against Mr. Gersten.
The petitioners are correct in stating that the attorney-client privilege covers information that would supply links of incriminating evidence in an existing chain of incul-patory events, or lead to the filing of criminal charges. Corry v. Meggs, 498 So.2d 508 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1042 (Fla.1987). The privilege clearly provides such Fifth Amendment protections. Sepler v. State, 191 So.2d 588 (Fla. 3d DCA 1966); In Re Grand Jury Proceedings, 517 F.2d 666 (5th Cir.1975); In re Grand Jury Investigation, 769 F.2d 1485 (11th Cir.1985). It is the duty of this court to ensure that those protections are held inviolate. We therefore must quash the order and direct the trial court to conduct an in camera inspection to prevent any violation of the privilege.
This court reaches no conclusions about the validity of the privileges petitioners assert, nor are we confirming the existence of a Fifth Amendment claim. That determination is reserved for the trial court. We merely hold that a privilege or Fifth Amendment claim may exist that requires protection.
The bounds of the attorney-client privilege are found in section 90.502, Florida Statutes (1995). Section 90.502(2) states:
A client has a privilege to refuse to disclose, and to prevent any person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.
This section clearly prevents the disclosure of the contents of privileged information.
The court ordered the petitioners to create a “log” of privileged information. The log was to include, among other things, the general contents of the privileged documents. Section 90.502(2) clearly protects the contents of those documents and an order to divulge that information without first conducting an in camera inspection by the court is a departure from the essential requirements of law.
We therefore grant the petition and quash the order of the trial court with instructions to conduct an in camera investigation into petitioners’ claim of work-product and attorney-client privilege.
CERTIORARI GRANTED; REMAND WITH INSTRUCTIONS.
FARMER, GARY M., and PARIENTE, BARBARA J., Associate Judges, concur.

. Apparently not Joseph M. Gersten.