936 So.2d 1210 (2006)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Michael CAMBRON, etc., et al., Respondents.
No. 5D06-1306.
District Court of Appeal of Florida, Fifth District.
September 8, 2006.
*1211 Frank Ingrassia of Powers, McNalis, Torres & Teebagy, West Palm Beach, for Petitioner.
Alan B. Taylor and Richard C. Swank of Litchford & Christopher, P.A., Orlando, for Respondent Michael Cambron.
No Appearance for Respondents Foxhall II Condominium Association, Inc., Armando Lincoln Motta, Sonia Motta, William Massey and Foxhall Management.
EVANDER, J.
Allstate Insurance Company seeks a writ of certiorari to quash a discovery order. We grant the writ, but without prejudice to the trial court entering an order permitting discovery in accordance with this opinion.
Respondent, Michael Cambron, is the owner of a unit in the Foxhall II Condominium development. Allstate is the insurer for the condominium association. Cambron has brought an action against the condominium association and three individuals who served as board members during the relevant time period, alleging that the condominium association refused to repair the leaky roof over Cambron's unit despite the fact that the roof was a common element. Cambron claims his numerous complaints to the board members *1212 were ignored. As a result of the condominium association's alleged inaction for several years, Cambron claims his unit was so badly damaged by roof leaks that it was ultimately condemned by the local governing authority. Cambron's third amended complaint contains six counts, including a count against the three board members for breach of fiduciary duty.
During the course of the litigation, Cambron served a subpoena duces tecum to Allstate directing inter alia that Allstate produce its entire claims file. In response, Allstate filed a motion for protective order. At the hearing on the motion, Cambron greatly narrowed the scope of his requested production from Allstate. Specifically, Cambron advised the court he was only requesting "the communications to find out what kind of investigation Allstate did and who at the association told them to shut down the investigation." In support of his request, Cambron advised the court that, out of frustration, he had previously filed a claim directly with the association's insurer. Cambron further advised the court that he was subsequently notified by an insurance adjuster that Allstate had ceased its investigation at the request of the condominium association. It was Cambron's belief that the board of directors "closed down the investigation by Allstate, not because there wasn't an insurable claim, but because of animosity between the board and Mr. Cambron."
This court has subject matter jurisdiction pursuant to Fla. Const. Art. V, § 4(b)3 and Fla. R.App. P. 9.030(b)(2)(A), (3). Under Florida law, certiorari is the appropriate remedy when a discovery order departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Compton v. West Volusia Hosp. Auth., 727 So.2d 379 (Fla. 5th DCA 1999); Wooten, Honeywell & Kest, P.A. v. Posner, 556 So.2d 1245 (Fla. 5th DCA 1990) (orders granting discovery traditionally reviewed by certiorari because once discovery is wrongfully granted, the complaining party is beyond relief). Further, discovery of privileged documents may cause irreparable harm. See Martin-Johnson; Compton.
We agree with the trial court that documents indicating the board had instructed Allstate to proceed to investigate Cambron's claim, or alternatively, to cease investigating Cambron's claim would be relevant to Cambron's breach of fiduciary duty count. We further agree that this limited production would not invade Allstate's asserted work-product privilege. A letter from a condominium association to its insurer requesting the insurer to investigate (or not investigate) a claim of water damage by a unit owner is not a document which would normally be considered privileged work-product. Indeed, this type of document is usually prepared in the ordinary course of business of a condominium association and made available for inspection by unit owners. In this case, the record suggests the association did not possess the requested documents and had voiced no objection to Allstate being required to produce same.[1]
Unfortunately, the written order ultimately issued by the trial court was *1213 overly broad. The order required Allstate to produce:
Copies of letters from the Insured, Foxhall II Condominium Association, Inc. to Allstate Insurance Company, concerning the handling of this file; or notations of communications from the Insured to Allstate Insurance Company, concerning the handling of this claim; ...
The order was overbroad because it would require Allstate to produce correspondence from the condominium association received subsequent to Cambron's filing of his lawsuit, including possible communications regarding legal defenses, settlement considerations, and other privileged matters. On remand, the trial court should limit the documents required to be produced by Allstate solely to those letters (or notations of communications) from its insured regarding any request or direction to investigate (or not investigate) the claim filed by Cambron directly with Allstate.
Petition for Writ of Certiorari GRANTED.
SAWAYA and PALMER, JJ., concur.
NOTES
[1] We acknowledge a letter from the condominium association requesting Allstate to investigate (or not investigate) Cambron's claim might contain work-product material. However, Allstate's remedy would be to redact the work-product material, not refuse to produce the document in its entirety. If disputes remain between the parties, an in camera inspection by the court is an available option.