964 So.2d 713 (2007)
ROYAL CARIBBEAN CRUISES, LTD., Petitioner,
v.
Jane DOE & Jane Doe, as natural parent and guardian of Sara Doe, a minor, Respondents.
No. 3D06-1885.
District Court of Appeal of Florida, Third District.
May 23, 2007.
Rehearing and Rehearing Denied October 11, 2007.
*714 Lauri Waldman Ross and Theresa L. Girten; Maltzman Foreman and Darren W. Friedman, Miami, for petitioner.
Philip D. Parrish; Guilford & Rash, Miami, for respondents.
Before WELLS, ROTHENBERG, and LAGOA, JJ.
Rehearing and Rehearing En Banc Denied October 11, 2007.
ROTHENBERG, Judge.
Royal Caribbean Cruises, Ltd. ("RCCL") petitions this court for a writ of certiorari, seeking to quash an order requiring it to provide certain discovery to Jane Doe, and Jane Doe as natural parent and guardian of Sara Doe, a minor; Jane Doe individually ("Jane"); and Sara Doe, a minor ("Sara").
The Does filed an amended complaint against RCCL, asserting several causes of action, including negligence. The general allegations provide that while the Does were passengers on RCCL's M/S Sovereign of the Seas, a crewmember forced his way into their cabin and assaulted and/or battered Jane.[1] During the assault, Sara *715 called RCCL's security office, but security personnel did not immediately react to Sara's plea for help. After "wrestling" the crewmember out of the cabin, Jane called security, and eventually, security responded.
The negligence count asserts, in part, that RCCL did not "exercise reasonable care" because it failed to properly control and/or supervise its employees; failed to provide proper security measures to protect its passengers; and failed to properly screen, train, and/or monitor its crewmembers. The Does also asserted that RCCL was negligent in hiring the particular crewmember involved in the alleged incident because RCCL failed to appropriately investigate this crewmember, and that if RCCL would have done so, it would have discovered that he was unsuitable as an "employee for the particular duty performed or for employment in general"; that the crewmember "had previously assaulted, harassed or battered a passenger or co-worker or engaged in other activities that would have indicated to [RCCL] that he would harm passengers"; and that the crewmember was "predisposed to commit" the alleged acts.
The Does submitted Interrogatories and a Request for Production to RCCL. Interrogatory # 18 provides as follows:
In the 5 years that predate the date of this incident, how many reports have [sic] Royal Caribbean International received concerning a crewmember either battering or assaulting a passenger. The information sought here concerns Royal Caribbean International's entire fleet, including vessels owned[,] operated or managed by its subsidiaries and affiliates.
Request for Production # 10 provides as follows:
A copy of all incident/accident reports regarding prior accidents or incidents involving claims of crew members [sic] assaults occurring on vessels owned, operated, or managed by Royal Caribbean International or any of its subsidiaries for the 5 year period predating the incident described in the Complaint.
RCCL objected to Interrogatory # 18 and Request for Production # 10, arguing that the discovery was irrelevant, immaterial, overbroad, burdensome, harassing, oppressive, and would not likely lead to admissible evidence. The Does filed a motion to compel RCCL to respond. The trial court overruled RCCL's objections and ordered RCCL to respond within sixty days.
RCCL filed a motion for reconsideration, asserting that the incident/accident reports were protected by the work-product privilege. In support of its motion for reconsideration, RCCL submitted an affidavit by Pamela Powell, RCCL's Supervisor of the Guest Claims Department. Powell averred that after any incident is alleged on a RCCL vessel, RCCL creates an incident report, and thereafter, the report is automatically sent to the "Risk Management Department for further handling and use in connection with the anticipated defense of any claim which arises from said incident." Powell also explained that:
RCCL has never been ordered to produce a listing of reports where someone felt that they were going to be battered, but were not actually battered. RCCL maintains a database of incidents, but *716 the categorization of those incidents does not include assaults as such. This Court's order would require Defendant to inspect every incident report ever written over a 5 year period to determine if somewhere in that report a passenger indicated that while they were never touched, they feared they might be.
Powell additionally claimed that the discovery order would require RCCL to search its documents for twenty-nine vessels.
While its motion for reconsideration was pending, RCCL filed a petition for writ of certiorari in this court seeking to quash the trial court's discovery order. This court deferred ruling on RCCL's petition to allow the trial court to rule on RCCL's motion for reconsideration.
At the hearing on RCCL's motion for reconsideration, RCCL argued that it could not obtain the information the Does were seeking by searching its computer databases. RCCL's counsel explained, "[W]hen you are dealing with an assault where someone fears they are going to be raped, there is not a categorization for that." Regarding RCCL's asserted work-product privilege, counsel for the Does claimed that RCCL had waived the privilege due to RCCL's failure to prepare a privilege log. The trial court ruled that RCCL's work-product objection was timely, and while narrowing the scope of discovery, the trial court ordered RCCL to provide the requested discovery as follows:
2. The scope of Interrogatory # 18 requiring the number of reports RCCL has received concerning a crew member [sic] battering or assaulting a passenger is hereby narrowed by the Court. Interrogatory # 18 is now more specific to define assault and battery as including any definitions under common law, including Florida statutes, deletes the requirement for any interrogatory answers to include "all vessels owned, operated or managed by RCCL's subsidiaries and affiliates". RCCL's objection to the narrowed interrogatory is overruled and it is required to furnish the requested information for all RCI [Royal Caribbean International] ships.
3. Request for Production # 10 requires RCCL to produce all incident/accident reports for "crew member [sic] assaults" on all RCCL vessels. The scope of this request is hereby narrowed to three (3) years and deletes the requirements for such production to include "all vessels owned, operated or managed by RCCL's subsidiaries or affiliates.["] RCCL's objection is sustained. The Court shall require RCCL to produce the names and addresses and all other contact information of all individuals who have knowledge of the incident[s], including those from whom statements were taken[.] RCCL has the option of producing the incident reports themselves in lieu of listing such names and addresses and other contact information. This order does not require the production of the names and addresses of any victims covered by any rape shield statute.[[2]]
In this amended petition for writ of certiorari, RCCL seeks to quash the trial court's discovery order entered on RCCL's motion for reconsideration. The party seeking to quash a pretrial discovery order by certiorari must establish that the discovery order is a departure from the essential requirements of law, which, if *717 uncorrected, will result in material injury that cannot be remedied on direct appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987)("Orders granting discovery . . . have traditionally been reviewed by certiorari. The rationale . . . is that appeal after final judgment is unlikely to be an adequate remedy because once discovery is wrongfully granted, the complaining party is beyond relief.") (citations omitted); Miami Heart Inst. v. Reis, 638 So.2d 530, 531 n. 1 (Fla. 3d DCA 1994)("Certiorari is the appropriate method by which to review an order entered in connection with discovery proceedings."); see also Allstate Ins. Co. v. Cambron, 936 So.2d 1210, 1212 (Fla. 5th DCA 2006)("Under Florida law, certiorari is the appropriate remedy when a discovery order departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal."); McGarrah v. Bayfront Med. Ctr., Inc., 889 So.2d 923, 925 (Fla. 2d DCA 2004)(holding that certiorari is appropriate to quash an order granting discovery when the order (1) departs from the essential requirements of the law, (2) resulting in material injury that (3) cannot be corrected on direct appeal). However, the fact that the "ordered discovery is irrelevant is not, without more, a basis for granting certiorari relief." Young Circle Garage LLC v. Koppel, 916 So.2d 22, 23 (Fla. 4th DCA 2005)(emphasis added).
In the instant case, RCCL submits that certiorari relief is appropriate because the ordered discovery requires the production of privileged work-product documents; the ordered discovery is not relevant; and even if the requested discovery was found to be relevant, the trial court's order requiring RCCL to provide the discovery requested is overbroad and unduly burdensome. We agree.
The general allegations contained in the amended complaint provide that a crewmember forced his way into the Does' cabin; the crewmember assaulted and/or battered Jane; and that RCCL's security personnel did not immediately react to Sara's plea for help. The negligence count asserts that RCCL was negligent in hiring this particular crewmember; RCCL failed to appropriately investigate the crewmember; and an appropriate investigation of the crewmember would have revealed that he was unsuitable as an "employee for the particular duty performed or for employment in general"; that the crewmember "had previously assaulted, harassed or battered a passenger or co-worker or engaged in other activities that would have indicated to [RCCL] that he would harm passengers"; and that the crewmember was "predisposed to commit" the alleged acts.
The trial court's discovery order requires RCCL to produce all incident/accident reports dealing with assaults and/or batteries committed by crewmembers on approximately nineteen of RCCL's vessels for the three-year period predating the alleged incident, or to research its files and produce the names and addresses and all other contact information of all individuals who have knowledge of any incident regarding an assault and/or a battery committed by a crewmember on these nineteen vessels during the three-year period predating the alleged incident. Thus, although the amended complaint focuses on RCCL's hiring, supervision, and control of the particular crewmember involved in the alleged incident, the trial court's order includes reported incidents of other crewmembers. We, therefore, conclude that the ordered discovery is irrelevant to the claims made in the Does' amended complaint.
We also find that these incident/accident reports are protected by the *718 work-product doctrine,[3] and that RCCL did not waive its objection on that ground. "Under the work-product doctrine, documents prepared by or on behalf of a party in anticipation of litigation are not discoverable." Marshalls of MA, Inc. v. Minsal, 932 So.2d 444, 446 (Fla. 3d DCA 2006)(quoting Liberty Mut. Fire Ins. Co. v. Kaufman, 885 So.2d 905, 910 (Fla. 3d DCA 2004)); see also Fla. R. Civ. P. 1.280(b)(3)(specifying that materials prepared in anticipation of litigation or for trial by or for a party or its representative, including the party's attorney, are discoverable only upon a showing of need of the materials and undue hardship in obtaining the substantial equivalent by other means).
In the instant case, it is undisputed that after any incident/accident allegedly occurs on any RCCL vessel, RCCL's employees create an incident/accident report, and thereafter, the report is forwarded to RCCL's "Risk Management Department for further handling and use in connection with the anticipated defense of any claim which arises from said incident." As RCCL's incident/accident reports were prepared in anticipation of litigation, they are protected by the work-product doctrine.
The Does argue that RCCL waived its work-product objection by failing to prepare a privilege log. We disagree. In Gosman v. Luzinski, 937 So.2d 293 (Fla. 4th DCA 2006), the Fourth District, in addressing whether the work-product objection had been waived, explained that:
A party is required to file a log only if the information is "otherwise discoverable." Where a party claims that the production of documents is burdensome and harassing, such as was done here, the scope of the discovery is at issue. Until the court rules on the request, the party responding to the discovery does not know what will fall into the category of discoverable documents. If the party is correct in her assertion that the documents requested are burdensome to produce, why should she still go through all the requested documents to determine which ones are privileged, even though none of them may be required to be produced because the request is burdensome?
. . . .
Before a written objection to a request for production of documents is ruled upon, the documents are not "otherwise discoverable" and thus the obligation to file a privilege log does not arise. Once the objection is ruled upon and the court determines what information is "otherwise discoverable," then the party must file a privilege log reciting which documents are privileged. If it is not done in that order, then the party faced with an unduly burdensome document request still has to obtain and review all the documents to determine which are privileged, even though the court may later limit the scope of the request if it was unduly burdensome.
Id. at 296 (footnote omitted).
Although, RCCL opposed the production of the incident/accident reports, arguing that the discovery was irrelevant, immaterial, overbroad, burdensome, harassing, and oppressive, after the trial court ruled that RCCL's incident/accident *719 reports were discoverable, RCCL moved for reconsideration, and specifically asserted that the reports were protected by the work-product doctrine. We, therefore, find as the Fourth District found in Gosman, that RCCL did not waive its work-product argument. See also Consol. Res. Health Care Fund I, Ltd. v. Ruffini, 947 So.2d 1278, 1278 (Fla. 4th DCA 2007)("We grant the petition and quash the order compelling the discovery which determined the petitioner had waived its privilege objections by failing to timely respond. The lower court should have first made a determination of the breadth of discovery prior to ruling on the waiver issue, as the petitioner had correctly and timely placed overbreadth before the court.").
Lastly, we address RCCL's argument that the discovery ordered is overly broad and unduly burdensome. The discovery order requires the disclosure of information regarding reports of all assaults and/or batteries by all crewmembers on nineteen of RCCL's vessels for a three-year period, even though the allegations of the amended complaint focus on the particular crewmember involved in the alleged incident. We, therefore, find that the discovery order is overbroad and should have been limited to producing information regarding incidents involving this particular crewmember. We also find that the production of the requested information would be unduly burdensome on RCCL. The record demonstrates that although RCCL maintains a database of incident/accidents occurring on its vessels, RCCL's database does not contain a category covering the type of incident alleged by the Does. Thus, to produce the information ordered by the trial court, RCCL would be required to manually search every incident/accident report involving approximately nineteen of RCCL's vessels for a three-year period. We find such a task unduly burdensome.
Accordingly, we quash the discovery order under review, and remand for the entry of a discovery order limiting the scope of discovery to incidents involving the particular crewmember.
Petition granted; remanded.
NOTES
[1] The alleged "assault and/or battery" does not involve a sexual battery. When the M/S Sovereign of the Seas docked at Port Canaveral, the Brevard County Sheriff's Office investigated the alleged incident. The Sheriff Office's report indicates that the crewmember involved in the alleged incident was extremely intoxicated, and within a short period of time, he forced and/or attempted to force his way into several cabins, including the Does' cabin, and that the occupants of each cabin forced the crewmember out. Moreover, the report indicates that each of the parties involved in the incidents executed "Decline to Prosecute" affidavits.
[2] The trial court's ruling narrowed the trial court's ruling from twenty-nine vessels to approximately nineteen vessels.
[3] In response to RCCL's amended petition, the Does argue that this court should not focus on whether the incident/accident reports are work-product, as the trial court gave RCCL the option of producing the names, addresses, and contact information of all individuals having knowledge of the incidents involved in the reports. We are unpersuaded by this argument as the information was compiled internally by RCCL in the event any of the reported incidents resulted in litigation.