RAMIREZ, J.,
(dissenting).
I dissent because the March 7, 2008 order, “remains in effect,” and by denying and dismissing the petition for certiorari, the law of the case will prevent future review of any further enforcement of such an order. The majority opinion cannot dictate to other future panels its erroneous interpretation of the law of the case doctrine.
The trial court could have easily promoted judicial clarity by granting the motion for rehearing of its prior order of March 7, 2008. Instead, the trial court denied the motion in its May 22, 2008 order. The order then specifies what must be produced within ten days. In paragraph 4, we find the language quoted by the majority, which can only be described as confusing: “The Court’s order of March 7, 2008 *1032 remains in effect, except as modified herein, however, pending further order of the Court, Cooper need not produce other documents compelled by the March 7, 2008 order.”
An order is either in effect or it is not in effect. By stating that the prior order “remains in effect,” the trial court left intact the obligation to produce documents relating to the manufacture of millions of tires and hundreds of models, and on May 22 merely modified the timing of the production.[1] The majority effectively denies relief from an order that has established the obligation to produce the discovery by defining the scope of such discovery. The seventeen page March 7 order, drafted by plaintiffs counsel, that “remains in effect,” provides, among other things, a detailed definition for the scope of discovery:
1) all steel belted radial passenger and light truck tires manufactured by Cooper Tire between July 23, 1995 through July 23, 2000, which incorporate one or more of the following components: the same skim stock as the subject tire, including previous and subsequent versions of that skim stock; the same anti-oxidant/anti-ozonant package as the subject tire, including previous and subsequent versions of said antioxidant/anti-ozonant package; or the same inner liner as the subject tire, including previous and subsequent versions of said inner liner; and 2) all tires manufactured by Cooper Tire, between July 23, 1995 through July 23, 2000, which lack tread belt wedges (also known as “belt edge gum strips”), or which formerly had belt wedges; and 3) all documents and information relating to the performance of tires fitted with nylon overlay (also known as “cap plies” or “spiral wraps”) or which formerly had nylon overlay, similar components manufactured by Cooper Tire, between July 23,1995 through July 23, 2000.
That definition “remains in effect.”
If the trial court had reconsidered its prior order, it would have granted rehearing, not denied it. If it wanted to retreat from its prior seventeen page order, it would have rescinded it. Instead, the court made clear that the order “remains in effect,” leaving the parties and this Court to figure out what was modified and what was not.
The uncontroverted evidence presented in this case is that the March 7 order encompassed approximately 200 million tires and over 1000 different models; that the documents are not centrally located and most do not exist electronically; that compliance with the order would yield between 350,000 and 750,000 documents; that it would take at least 3600 attorney hours to gather, review, and prepare the production, at a cost of between $800,000 and $1,000,000; and that production would take between three and four months and be extremely disruptive and burdensome to Cooper. The order of March 7, which this Court refuses to find causes irreparable harm, was entered despite the trial court’s admission that it had not read the motion, response, or legal memoranda submitted by the parties on the merits and scope of the discovery request at issue, and without conducting the required evi-dentiary hearing to determine the issues of relevancy, overbreadth, undue burden, and privilege. The order which “remains in effect” was drafted by plaintiffs counsel and signed by the trial judge who adopted the proposed legal analysis and reasoning while candidly removing those sections of *1033 the order that suggested that he had read the parties’ submissions. The court’s wholesale adoption of the order gives judicial imprimatur to the legal analysis of plaintiffs counsel. All of this “remains in effect.”
The March 7, 2008 order, which “remains in effect,” directs the production of hundreds of thousands of pages of confidential documents without first affording Cooper an evidentiary hearing or an in camera inspection. The trial court compelled responses to seventy two requests for production without a hearing to review the individual requests, without mentioning any specific requests, and without considering Cooper’s objections to individual requests. Cooper repeatedly asked for an evidentiary hearing and in camera inspection, as well as an opportunity to review plaintiffs discovery requests item by item and demonstrate why they were objectionable. Instead, after a brief hearing at which many of Cooper’s objections were not even discussed, the trial court entered what it referred to as a “generic” discovery order, requiring Cooper to fully respond to seventy two requests for production. On Cooper’s repeated requests for an evidentiary hearing, the trial court concluded that Cooper could have its hearing after it produced all documents.
This Court relinquished jurisdiction to the trial court to determine Cooper’s motion for reconsideration, leading to the May 22 order which denied reconsideration. As we held in Royal Caribbean Cruises, Ltd. v. Doe, 964 So.2d 713 (Fla. 3d DCA 2007), such unduly burdensome discovery orders must be quashed. The plaintiff has never disputed the undue burden and irreparable harm that full compliance with the March 7 order would impose on Cooper. Instead, at the hearing on the motion for reconsideration, plaintiff argued that “at this time” she would only insist on partial compliance. The plaintiff was adamant, however, that the March 7 order should remain in effect so that she could later seek additional discovery under the order. The fact that plaintiff may enforce the March 7 order in periodic installments does nothing to change the undisputed fact that full compliance with the order is unduly burdensome. By denying certiorari, there is nothing to prevent the plaintiff from returning to the trial court and insisting that Cooper fully comply with the unduly burdensome order. Thus, plaintiffs “concession” that she was only seeking “partial” compliance with the discovery order “at this time” is meaningless and does nothing to reduce the burden on Cooper of eventually complying with the March 7 order. Furthermore, the majority allows the plaintiff to assert inconsistent positions: at the trial court, that the order should remain in effect; on appeal, that the order is meaningless.
If the March 7 order is not quashed, which the trial court explicitly stated “remains in effect,” we establish the law of the case. See Greene v. Massey, 384 So.2d 24, 27 (Fla.1980) (“Upon this Court’s denial of certiorari, the district court’s decision became the law of the case.”). The majority tries to avoid this result by relying on Bared & Co., Inc. v. McGuire, 670 So.2d 153, 157 (Fla. 4th DCA 1996), which stands for the proposition that a dismissal of a petition seeking common law certiorari represents only a determination that the court lacks jurisdiction and nothing more. The problem with that reasoning is that we do have jurisdiction. In fact, in her response to the petition, plaintiff concedes that we have jurisdiction, citing to article V, section 4(b)(3); Florida Rule of Appellate Procedure 9.030(b)(2)(A); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987) (explaining that a non-final order for which no appeal is provided by Florida Rule of Appellate Procedure 9.130 *1034 is renewable by petition for certiorari only where the order departs from the essential requirements of law and thus causes material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal. “Orders granting discovery ... have traditionally been reviewed by certiorari. The rationale of these cases is that appeal after final judgment is unlikely to be an adequate remedy because once discovery is wrongfully granted, the complaining party is beyond relief’) (citation omitted); Ameritrust Ins. Corp. v. O’Donnell Landscapes, Inc., 899 So.2d 1205, 1207 (Fla. 2d DCA 2005) (stating that “[cjertiorari review ‘is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.’ We have jurisdiction for certiorari review in this case because the disclosure of trade secrets creates the potential for irreparable harm”) (citation omitted).
The majority takes the view that the trial court “will honor its word” and order future production “by separate order.” However, the March 7 order has already defined the scope of discovery. Only the timing has been left for future orders. Any effort to review future orders would be subject to the law of the case doctrine. The majority’s protestations to the contrary will not be binding on future panels of this Court that may be called upon to review the issue.
In dismissing the petition as premature, the majority does not reject Cooper’s Tire argument that the trial court’s order is drastically overbroad, unduly burdensome, and includes trade secrets which are classic “cat out the bag” discovery. Instead, it reasons that there is no irreparable harm because, “[a]t this time, Cooper has not been compelled to produce a single document other than those identified in the May 22 order.” Instead, the majority accepts the plaintiffs argument that no irreparable harm can be shown until the petitioner is under an order to compel.
The fallacy of this position is demonstrated by our efforts to clarify the import of the March 7 order. On November 19, 2008, we issued an order again relinquishing jurisdiction instructing the plaintiff either (1) to move the trial court to vacate the March 7 order or (2) to request our Court to address the merits of both the March 7 and the May 22 orders. In refusing our invitation, plaintiff takes the position that the March 7 order should remain in effect because it defines what “substantial similarity” is as detailed in the order and quoted above in my dissent. The plaintiff wished “to spare the successor trial judge from having to re-visit what constitutes a ‘similar tire’ for future discovery requests.”
If it was not clear at oral argument what remained of the March 7 order, this response to our order of November 19th should make it totally clear — the definition of what is discoverable. Our panel is dismissing any review of this definition. The successor trial judge will also be “spared” having to “re-visit” this definition. Likewise, future appellate panels should also be “spared” from having to “re-visit” this definition under the law of the case, as the plaintiff will correctly argue that she prevailed on this appeal.
In conclusion, I disagree with the majority that this petition, as it relates to the March 7 order, is premature. I would therefore quash the order.

. In its response to the petition, the plaintiff states that the May 22 order "streamlined and limited the discovery to be produced at this point pending further order of this court.”