# Third District Court of Appeal

## State of Florida

Opinion filed February 03, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2685
Lower Tribunal No. 14-20233
_____

**Marshalls of M.A., Inc.,**
Petitioner,

vs.

**Mecca Witter,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Butler Weihmuller Katz Craig LLP, and Carol M. Rooney (Tampa), for petitioner.

Reifkind, Thompson & Rudzinski, P.L., and Matthew A. Rabin (Davie), for respondent.

Before WELLS, ROTHENBERG, and EMAS, JJ.

<u>MOTION FOR REHEARING</u>

ROTHENBERG, J.

Marshalls of M.A., Inc. ("Marshalls") seeks rehearing of this Court's dismissal of Marshalls' petition for writ of certiorari, which was based on a finding that the petition was untimely filed. We grant rehearing and vacate this Court's December 17, 2015 order dismissing the petition. We decline to rule on the petition as it is moot due to the trial court's subsequent ruling during the pendency of this petition.

**<u>Grounds for vacating the dismissal</u>**

On August 1, 2014, Mecca Witter ("Witter") filed a lawsuit against Marshalls based on an alleged slip and fall on a transitory substance on the floor in Marshalls' department store in Miami-Dade County. During the course of discovery, Witter served a request for Marshalls to produce the following:

> 11. Any and all incident reports prepared and/or maintained by you in the ordinary course of business regarding either of the Plaintiff's accident [sic].
>
> . . . .
>
> 13. All records, writings, or other written memoranda concerning any other substantially similar accidents occurring in the area of the floor involved in the Plaintiff's accident within three (3) years prior to and two (2) years subsequent to the accident in question.
>
> . . . .
>
> 15. Any and all complaints made by, received by or known to the Defendant pertaining or relating to complaints regarding floor spills in the store before the time of Plaintiff's accident for a period of

2

two (2) years.

16. Any and all documents, work orders, repairs, estimates, or other paperwork made by, received by or known to the Defendant pertaining or relating to any changes in the floor area involved in the Plaintiff's accident up to two (2) years before the time of Plaintiff's accident and two (2) years post-accident.

17. All work orders or other documentation reflecting inspections, repairs, maintenance or other work done to the floor in the area involved in the Plaintiff's accident from the date of the Plaintiff's accident until the present date.

Marshalls initially objected on the grounds that the requests were overbroad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. On April 9, 2015, the trial court issued a written order overruling Marshalls' stated objections to requests number 13, 15, 16, and 17, but failed to rule on Marshalls' objections as to request number 11.

Marshalls produced all documents responsive to requests number 16 and 17, but filed a motion objecting to the production of the remaining documents, claiming that they are protected by the work-product privilege. In doing so, Marshalls filed a privilege log identifying the documents it was objecting to and requested an in-camera review of the documents identified in its privilege log. Although Marshalls also attempted to obtain a special set hearing on its motion, the trial court entered an order on October 29, 2015 denying Marshalls' motion and compelling the production of the documents referenced in Witter's requests number 11, 13, and 15 without first conducting an in-camera inspection.

Because Marshalls' petition for writ of certiorari was directed to the October 29, 2015 order denying Marshalls' motion for an in-camera inspection of the documents Marshalls' claims are protected by the work-product privilege, and the petition was filed on November 25, 2015, Marshalls' petition was timely filed. Accordingly, we vacate this Court's order dismissing as untimely the petition for writ of certiorari.

**Marshalls' petition for writ of certiorari**

When a party asserts the work-product privilege, Florida law requires that the trial court "hold an in-camera inspection of the discovery material at issue in order to rule on the applicability of the privilege." Snyder v. Value Rent-A-Car, 736 So. 2d 780, 782 (Fla. 4th DCA 1999). The failure to conduct an in-camera inspection of the discovery materials a party asserts are protected by the work-product privilege constitutes a departure from the essential requirements of law subject to certiorari relief. State Farm Fla. Ins. Co. v. Marascuillo, 161 So. 3d 493, 498 (Fla. 5th DCA 2014); Jacob v. Barton, 877 So. 2d 935, 937 (Fla. 2d DCA 2004); Calzon v. Capital Bank, 689 So. 2d 279, 281 (Fla. 3d DCA 1995).

The work-product privilege protects documents and papers of an attorney or a party prepared in anticipation of litigation. Incident reports, internal investigative reports, and information gathered by employees to be used to defend against potential litigation are generally protected by the work-product privilege. Royal

Caribbean Cruises, Ltd. v. Doe, 964 So. 2d 713, 718 (Fla. 3d DCA 2007); Metric Eng'g, Inc. v. Small, 861 So. 2d 1248, 1250 (Fla. 1st DCA 2003); Fed. Express Corp. v. Cantway, 778 So. 2d 1052, 1053 (Fla. 4th DCA 2001). "A lawsuit need not be filed for information gathered in an accident investigation to qualify for work-product protection." Millard Mall Servs., Inc. v. Bolda, 155 So. 3d 1272, 1275 (Fla. 4th DCA 2015); Caribbean Cruises, 964 So. 2d at 718; see also Dist. Bd. of Trs. of Miami-Dade Cmty. Coll. v. Chao, 739 So. 2d 105, 107 (Fla. 3d DCA 1999) (finding that even if a specific claim has not been filed, sending documents to a risk management department anticipates litigation). Even a report that is routinely prepared may qualify as work product. Millard Mall Servs., 155 So. 3d at 1275; Sears, Roebuck & Co. v. Scott, 481 So. 2d 968 (Fla. 4th DCA 1986).

As the Fourth District Court of Appeal noted in Publix Super Markets., Inc. v. Anderson, 92 So. 3d 922, 923 (Fla. 4th DCA 2012), reports created after a slip and fall has been reported:

> certainly are not prepared because of some morbid curiosity about how people fall at a market. Experience has shown all retail stores that people who fall in their stores try to be compensated for their injuries. Experience has also shown those stores that bogus or frivolous or exaggerated claims may be made. A potential defendant's right to fully investigate and memorialize the results of the investigation should not be restricted any more than should a potential plaintiff's. Our system of advocacy and dispute settlement by trial mandates that each side should be able to use its sources of investigation without fear of having to disclose it all to its opponents. This allows for free discussion and communication during preparation for litigation. If all reports and other communications of the litigants

5

were available to the opposition then those communications would certainly be stilted, unrevealing and thus self-defeating in their purpose.

(quoting Winn-Dixie Stores, Inc. v. Nakutis, 435 So. 2d 307, 308 (Fla. 5th DCA 1983)).

We specifically note that in Florida Power & Light Co. v. Limeburner, 390 So. 2d 133, 133-34 (Fla. 4th DCA 1980), the Fourth District Court of Appeal found that the personal accident reports prepared by Florida Power & Light regarding twenty-seven unrelated but similar accidents to that of Limeburner were prepared in anticipation of litigation and were therefore protected by the work-product privilege.

However, Florida Rule of Civil Procedure 1.280(b)(4) provides that a party may obtain work product upon a showing of (1) relevance and particularized need and (2) the inability to obtain the substantial equivalent without undue hardship. See generally S. Bell Tel. & Tel. Co. v. Deason, 632 So. 2d 1377, 1384 (Fla. 1994).

We recognize that section 768.0755(1) provides that "[i]f a person slips and falls on a transitory substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." § 768.0755(1), Fla. Stat. (2013). Thus, "[a]n injured person must now prove that the 'particular business establishment' where the injury occurred had actual or constructive

6

knowledge of the dangerous condition and discovery should be restricted to information on the particular establishment." Publix Supermarkets, Inc. v. Santos, 118 So. 3d 317, 319 (Fla. 3d DCA 2013).

Information regarding prior similar incidents at the Marshalls' department store where this slip and fall allegedly occurred may therefore be quite relevant to Witter's ability to prove her claim. Relevancy is, however, but one factor which must be considered before a court may order the production of work-product documents. Millard Mall Servs., 155 So. 3d at 1276. Witter must still demonstrate her inability to obtain substantially equivalent information without undue hardship. For example, while she may be entitled to a list of prior similar slip and falls at the subject location, including dates and the names and contact information of the person or persons who slipped and fell, that does not mean that she will necessarily be entitled to reports and other investigative documents prepared by Marshalls' employees, investigators, or attorneys.

The trial court initially ordered production of the documents Marshalls claims are protected by the work-product privilege without conducting an in-camera inspection of the documents and without requiring Witter to establish both relevancy and her inability to obtain the substantial equivalent of the information without undue hardship, and Marshalls sought relief from that order by filing the instant certiorari petition with this Court. However, during the pendency of the

7

certiorari proceedings before this Court, the trial court heard Marshalls' renewed motion for a protective order, granted the motion, and has agreed to review the documents in-camera. Marshalls has, therefore, obtained the relief it sought from this Court in the trial court.

Because the trial court granted Marshalls' motion for a protective order and Marshalls obtained the relief it was seeking in this Court, we dismiss the petition as moot.

Rehearing granted; petition dismissed as moot.