# Third District Court of Appeal

## State of Florida

Opinion filed March 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1504
Lower Tribunal No. 20-11087
_____

**Onward Living Recovery Community, LLC, et al.,**
Petitioners,

vs.

**Carlos Mormeneo and Monica Tobon, etc.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Cole, Scott & Kissane, P.A., and Mary Lou Cuellar-Stilo and Mark D. Tinker (Tampa), for petitioners.

Needle & Ellenberg, P.A., and Andrew L. Ellenberg; The Ferraro Law Firm, P.A., and Mathew D. Gutierrez and Janpaul Portal, for respondents.

Before SCALES, LINDSEY and BOKOR, JJ.

BOKOR, J.

Petitioner seeks to quash the trial court's November 3, 2020 order finding no work product protection or, alternatively, waiver of such protection and requiring production of the root cause analysis and incident report (collectively, the reports). The trial court found that the reports were prepared in the ordinary course of business and therefore constituted non-privileged, discoverable business records. Alternatively, the trial court found that even if work-product protection applied, respondent waived such protection entirely because of the corporate representative's use of the records at her deposition. As discussed below, the documents constitute work product prepared in anticipation of litigation and the alternative determination of waiver is unsupported by the record.

A requirement to produce irrelevant material, standing alone, is insufficient to trigger certiorari relief. See Kobi Karp Architecture & Interior Design, Inc. v. Charms 63 Nobe, LLC, 166 So. 3d 916, 919 (Fla. 3d DCA 2015). "To obtain a writ of certiorari, the petitioner must establish that the discovery order was a departure from the essential requirements of law resulting in a material injury that will affect the remainder of the proceedings below and the injury cannot be corrected on appeal." Bank of New York Mellon v. Figueroa, 299 So. 3d 430, 433 (Fla. 3d DCA 2019) (citing Allstate Ins. Co. V. Langston, 655 So. 2d 91, 94-95)). Petitioner meets this standard

2

of irreparable harm as the production of work product protected materials constitutes impermissible "cat out of the bag" production incapable of correction on appeal. Langston, 665 So. 2d at 94.

Accordingly, to constitute "cat out of the bag" documents, we first ensure that the reports at issue qualify as work product. Reports prepared after a tragic incident such as the death underlying this litigation may be prepared in the ordinary course of business yet also constitute records prepared in anticipation of litigation. The fact that petitioner requires as a matter of practice the creation of these records after a "sentinel event" (i.e., a high-profile or serious event) supports the contention that these documents are created in anticipation of litigation. See Marshalls of MA, Inc. v. Witter, 186 So. 3d 570, 573 (Fla. 3d DCA 2016) ("Incident reports, internal investigative reports, and information gathered by employees to be used to defend against potential litigation are generally protected by the work-product privilege."). Therefore, work product considerations attach to such records. See Royal Caribbean Cruises, Ltd. v. Doe, 964 So. 2d 713, 718 (Fla. 3d DCA 2007).

Next, the analysis of the trial court's alternative basis for production, waiver, starts with the premise that work product protection would otherwise apply to the records. Respondent contends that even assuming work product

3

protection would otherwise apply, petitioner waived such protection for two reasons.

First, respondent contends waiver of the work product protection because the corporate representative relied on one or both reports to refresh her recollection or answer questions at her deposition. The trial court found as an alternative ground that, assuming any sort of protection attached initially, such reference to the records resulted in complete waiver. The trial court's conclusory determination provides limited context to support such broad waiver of privilege. Specifically, as in both the order and the hearing on the motion for protective order, there was no discussion or finding that the references to the documents were so manifest or pervasive to justify a complete release of the documents instead of a more targeted finding. A simple reference to a document would likely be insufficient to waive privilege entirely across the board. On the other hand, multiple, repeated, and sustained references to the documents could potentially waive privilege as to those referenced portions of the report. Accordingly, the trial court shall conduct an in camera inspection, considering the video deposition of the corporate representative, to determine whether the witness waived privilege by referencing the reports, and if so, determine with specificity the extent of the waiver.

Second, respondent argues that the reports should be produced notwithstanding work product protection because of the relevance and need for the documents and the undue hardship in obtaining the underlying information from other sources. See generally Fla. R. Civ. P. 1.280(b)(4); see also, S. Bell Tel. & Tel. Co. v. Deason, 632 So. 2d 1377, 1384 (Fla. 1994). It does not appear the trial court conducted an evidentiary hearing on this basis due to its deciding the issue on other grounds. To the extent the trial court on remand determines some or all of the records are protected from discovery, the trial court shall conduct an evidentiary hearing to determine whether the incident report at issue contains information that would present an undue hardship for respondents to otherwise obtain. See id.; see also Marshalls of MA, Inc., 186 So. 3d at 573.

Petition granted; order quashed.