# Third District Court of Appeal

## State of Florida

Opinion filed November 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1593
Lower Tribunal No. 19-32735
_____

**IMC Hospitality, LLC, etc.,**
Petitioner,

vs.

**Roger Ledford, Sr.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Conroy Simberg, and Hinda Klein and Samuel B. Spinner (Hollywood), for petitioner.

Steinger, Greene & Feiner, and Todd L. Baker (Fort Lauderdale), for respondent.

Before EMAS, LOGUE and SCALES, JJ.

SCALES, J.

In this personal injury action resulting from respondent Roger Ledford, Sr.'s slip and fall inside a restaurant owned by petitioner IMC Hospitality, LLC d/b/a Pollo Tropical ("IMC"), IMC seeks certiorari review of a July 9, 2021 order directing it to produce to Ledford an in-house incident report and photographs of the accident scene. We deny the petition as it relates to the incident report. Because, however, Ledford failed to make a proper showing of need and undue hardship with respect to the photographs that were taken by IMC's employee in anticipation of litigation,[1] we grant the certiorari petition with respect to that portion of the July 9, 2021 order compelling IMC to produce the photographs.

## I.      RELEVANT FACTS

During discovery, Ledford sought both a copy of an incident report that was prepared immediately after Ledford's accident, as well as photographs of the accident scene that were taken by an IMC employee. IMC objected to the discovery requests because the incident report and photographs were prepared in anticipation of litigation and, therefore, were protected by the work-product privilege. See Marshalls of M.A., Inc. v. Witter, 186 So. 3d 570, 573 (Fla. 3d DCA 2016) ("Incident reports, internal investigative reports, and information gathered by employees to be used to defend against potential

_____

[1] See Fla. R. Civ. P. 1.280(b)(4).

2

litigation are generally protected by the work-product privilege."). Ledford filed a motion to compel their production.

After the parties presented competing affidavits wherein the affiants (i.e., Ledford and the restaurant's assistant manager) both attested that they had authored the incident report,[2] the trial court held an evidentiary hearing at which Ledford and the assistant manager testified. The trial court also conducted an *in camera* inspection of the incident report and the photographs. Following a subsequent status conference, the trial court entered the challenged July 9, 2021 order requiring IMC to produce the incident report and the photographs.

## II.     ANALYSIS

"A writ of certiorari is the proper method to review trial court orders compelling production of privileged discovery that is otherwise protected as work product; compelling such production presents the potential of a departure from the essential requirements of law, which would cause material harm from which there is no adequate remedy on final appeal." Seaboard Marine Ltd. v. Clark, 174 So. 3d 626, 628 (Fla. 3d DCA 2015).

---

[2] According to Ledford, he filled out the entire incident report, which was written in English, by himself because the assistant manager had difficulty writing Ledford's name and because it appeared that English was not the assistant manager's first language.

The parties do not dispute that Ledford was required to meet the requirements of Florida Rule of Civil Procedure 1.280(b)(4) because he sought disclosure of materials (the incident report and photographs) protected by Florida's work-product doctrine. See Marshalls of M.A., Inc., 186 So. 3d at 573. In relevant part, the rule provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's attorney . . . *only upon a showing* that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. . . . Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. . . . For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it . . . .

Fla. R. Civ. P. 1.280(b)(4) (emphasis added). We conclude that Ledford satisfied the rule's requirements with respect to production of the incident report, but failed to make the required showing with respect to production of the photographs.

*A. The Incident Report*

As to the incident report, the trial court determined that Ledford was the more credible witness and found that Ledford, rather than the assistant manager, had prepared the document, thereby satisfying the requirements

4

of rule 1.280(b)(4). Id. ("*Without the required showing* [of need and undue hardship] a party may obtain a copy of a statement concerning the action or its subject matter previously *made by that party*.") (Emphasis added). Because we are not free to reweigh the evidence and the trial court's factual finding is supported by competent, substantial evidence, see Michael Anthony Co. v. Palm Springs Townhomes, 174 So. 3d 428, 432 (Fla. 4th DCA 2015), we deny the petition as it relates to the incident report. Although Ledford did not sign the incident report, the trial court's finding – supported by competent, substantial evidence – that Ledford authored the incident report satisfies the rule's requirement that Ledford "adopted or approved it." Fla. R. Civ. P. 1.280(b)(4) ("For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it . . . .").

### B. The Photographs

As to the photographs, rather than considering whether Ledford had made the required showing under rule 1.280(b)(4), the trial court found that IMC had somehow "waived" the work-product privilege because of an inconsistency between the assistant manager's affidavit and the assistant manager's hearing testimony as to who took the photographs of the accident scene. The assistant manager's affidavit averred that she took the

photographs herself; whereas, at the evidentiary hearing, the assistant manager clarified and corrected her affidavit on this point, testifying that the restaurant's manager had actually taken the photographs. While the trial court did not provide an explicit explanation of, or any authority to support, its "waiver" finding, the record seems to reflect that the trial court required production of the photographs as a sanction for the misstatement in the affidavit.

Rule 1.280(b)(4), however, allows for the production of work-product "*only* upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." (Emphasis added). Not only did Ledford fail to make the required showing, he also failed even to allege need and undue hardship in his motion to compel production of the photographs.

Indeed, citing to cases that very clearly determined the petitioner had met its burden of satisfying rule 1.280(b)(4)'s requirements,[3] Ledford's motion to compel made only the general relevancy argument that he was

---

[3] See Kmart Corp. v. Sundmacher, 997 So. 2d 1158 (Fla. 3d DCA 2008); Fla. Power Corp. v. Dunn, 850 So. 2d 655 (Fla. 2d DCA 2003).

"entitled to photographs . . . taken . . . shortly after an incident." But, as this Court explained in Seaboard Marine Ltd:

> No doubt the photographs are relevant; they might be highly probative to the critical issues in the case. Rule 1.280(b)(4), however, establishes a much higher bar than mere relevancy to obtain such privileged work-product materials developed by an adversary. A party must first diligently exhaust other means of obtaining the substantial equivalent. In this case, the record is devoid of evidence of such diligence.

174 So. 3d at 628.

We conclude that, under the facts presented here, forcing the production of otherwise privileged photographs constitutes a departure from the essential requirements of the law. Id. We, therefore, grant the petition in part and quash that portion of the challenged order requiring IMC to produce the subject photographs.

Petition granted in part and denied in part.