# Third District Court of Appeal
## State of Florida

Opinion filed October 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0447
Lower Tribunal No. 20-26158 CC
_____

**Ted & Stan's Towing Service, Inc., et al.,**
Petitioners,

vs.

**Bulk Express Transport, Inc.,**
Respondent.

A Writ of Certiorari to the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

Sastre Saavedra & Epstein, PLLC and Michael A. Sastre and Jordan Rosales, for petitioners.

Buchbinder & Elegant, P.A., and Craig B. Shapiro, for respondent.

Before SCALES, LOBREE and BOKOR, JJ.

LOBREE, J.

In this petition for writ of certiorari, the defendants, Ted & Stan's

Towing Service, Inc., and Ted and Stan's LLC (together, "Ted & Stan's"), ask that we quash the trial court's order requiring production of an incident report to the plaintiff, Bulk Express Transport, Inc. ("Bulk Express"), in its underlying suit for damage to one of its commercial trucks. Because the work-product privilege protects the incident report from production, and Bulk Express did not make the prerequisite showing of need and undue hardship to justify compelled disclosure under Florida Rule of Civil Procedure 1.280(b)(4), we grant the petition and quash the order.

Bulk Express sued Ted & Stan's for negligence in towing its commercial truck, alleging that the failure to release the truck's transmission resulted in significant damage to it. Ted & Stan's answered and asserted affirmative defenses, including that the truck was damaged by metal coiling that had "fouled up the mechanical systems" of the truck before it was towed. Bulk Express sought production of "[e]ach document used or relief upon you in connection with your Affirmative Defenses" and "[e]ach document that mentions, concerns, or refers to any towing of the 'Vehicle.'" In response to Bulk Express' later motion to compel, Ted & Stan's filed a privilege log stating that its affirmative defenses were pleaded using information from an incident report, which was prepared by its named tow-truck driver in anticipation of litigation and therefore protected by the work-product doctrine. After a

2

hearing, the trial court ordered Ted & Stan's to produce the incident report. This petition followed.

"Under the work-product doctrine, documents prepared by or on behalf of a party *in anticipation of litigation* are not discoverable." Marshalls of MA, Inc. v. Minsal, 932 So. 2d 444, 446 (Fla. 3d DCA 2006) (quoting Liberty Mut. Fire Ins. Co. v. Kaufman, 885 So. 2d 905, 910 (Fla. 3d DCA 2004)). Accord Marshalls of M.A., Inc. v. Witter, 186 So. 3d 570, 573 (Fla. 3d DCA 2016) ("The work-product privilege protects documents and papers of an attorney or a party prepared in anticipation of litigation."). "The rationale supporting the work product doctrine is that 'one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures.'" DeBartolo-Aventura, Inc. v. Hernandez, 638 So. 2d 988, 989 (Fla. 3d DCA 1994) (quoting S. Bell Tel. & Tel. Co. v. Deason, 632 So. 2d 1377, 1384 (Fla.1994)). "Incident reports, internal investigative reports, and information gathered by employees to be used to defend against potential litigation are generally protected by the work-product privilege." Witter, 186 So. 3d at 573. "In this district . . . the standard to be applied when determining whether an incident report is protected by the work product doctrine, is whether the document was prepared in response to some event

3

which foreseeably could be made the basis of a claim in the future." Minsal, 932 So. 2d at 446–47. See GKK v. Cruz, 251 So. 3d 967, 969 n.1 (Fla. 3d DCA 2018) ("Documents are prepared in 'anticipation of litigation' for purposes of the work product doctrine if they were 'prepared in response to some event which foreseeably could be made the basis of a claim in the future.'" (quoting id.)).

Under Florida Rule of Civil Procedure 1.280(b)(4), "a party may only obtain materials prepared in anticipation of litigation, 'upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.'" Avatar Prop. & Cas. Ins. Co. v. Mitchell, 314 So. 3d 640, 642 (Fla. 3d DCA 2021) (quoting Fla. R. Civ. P. 1.280(b)(4)). Accord Millard Mall Servs., Inc. v. Bolda, 155 So. 3d 1272, 1274 (Fla. 4th DCA 2015) (stating that under rule 1.280(b)(4) "the sought-after documents are not discoverable unless the party can demonstrate a two-part showing of (1) particularized need, which includes the determination of whether the privileged documentation contains relevant information, and (2) the inability to obtain the substantial equivalent without undue hardship"). Evidence of need and undue hardship under rule 1.280(b)(4) "must be demonstrated by affidavit or other sworn testimony." Avatar Prop. & Cas.

4

Ins. Co., 314 So. 3d at 642. "If the moving party fails to show that the substantial equivalent of the material cannot be obtained by other means, the discovery will be denied." Millard Mall Servs., 155 So. 3d at 1275.

Our review of the incident report to be produced reflects that it falls within the definition of work product. The face of the form reflects that it is an incident report for a company called Claims Direct Access, which was completed by the insured Ted & Stan's driver for the benefit of its insurer. Such a memorialization was "not prepared because of some . . . curiosity about" Ted & Stan's towing of commercial trucks. Witter, 186 So. 3d at 573 (quoting Publix Super Markets, Inc. v. Anderson, 92 So. 3d 922, 923 (Fla. 4th DCA 2012)). Rather, the incident report shows on its face that it was prepared in response to an event, i.e., an accident involving potential damage to a client's truck, which foreseeably could be made the basis of a claim against Ted & Stan's. Id. Thus, we conclude that the incident report was created in anticipation of litigation and constitutes Ted & Stan's work product.

As a document protected by the work-product privilege, the incident report is subject to production "only upon a particularized showing of need satisfying the criteria set forth in" rule 1.280(b)(4). DeBartolo-Aventura, Inc., 638 So. 2d at 990. Accord Intercontinental Props., Inc. v. Samy, 685 So. 2d

5

1035, 1036 (Fla. 3d DCA 1997). Bulk Express' argument at the hearing that it needs the report to "test the veracity" of the tow-truck driver were it to depose him, falls entirely short of meeting its burden under rule 1.280(b)(4) to show need and undue hardship in obtaining the substantial equivalent information by other means. "The fact that the incident report might yield additional information about the incident is not enough, without more, to show 'undue hardship.'" Id. (quoting DeBartolo-Aventura, Inc. v. Hernandez, 638 So. 2d at 990).

Because the incident report was prepared in response to an event which foreseeably could be made the basis of a claim against Ted & Stan's, and because Bulk Express failed to "satisfy the rigorous prerequisite to disclosure" under rule 1.280(b)(4), the trial court's order compelling disclosure was a departure from the essential requirements of the law. Avatar Prop. & Cas. Ins. Co., 314 So. 3d at 642; see also Intercontinental Props., Inc., 685 So. 2d at 1036. Accordingly, we grant the petition for writ of certiorari, quash the order compelling production of the incident report, and remand for further proceedings.

Petition granted; order quashed.