526 So.2d 779 (1988)
BALBOA INSURANCE COMPANY, Petitioner,
v.
William C. VANSCOOTER and John A. Vanhyning, Respondents.
No. 88-721.
District Court of Appeal of Florida, Second District.
June 15, 1988.
Timothy M. Spridgeon of Fotopulos & Spridgeon, P.A., Tampa, for petitioner.
C. Kenneth Stuart, Jr. of W. James Kelly, P.A., Lakeland, for respondent VanHyning.
RYDER, Acting Chief Judge.
Balboa Insurance Company petitions this court for a writ of certiorari to review an order of the circuit court compelling production of an insurance claim file. We grant the petition.
Respondent John VanHyning obtained a judgment against William VanScooter for injuries sustained in an automobile accident. Balboa denied coverage to VanScooter and filed an action for declaratory judgment to resolve the coverage question. VanHyning, as assignee of any cause of action VanScooter may have had against Balboa, intervened in this proceeding and filed a counterclaim alleging a bad faith refusal to provide coverage. He then successfully argued for production by Balboa of the VanScooter claim file, to which Balboa objected based upon work product and other privileges.
We agree with Balboa that the order compelling disclosure of this file is premature because the issue of Balboa's obligation to provide coverage has not yet been determined. Allstate Insurance Co. v. Swanson, 506 So.2d 497 (Fla. 5th DCA 1987); Allstate Insurance Co. v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976).
One other issue merits discussion. VanHyning claims that Balboa's petition is untimely because it was filed more than thirty days after the circuit court ordered disclosure of the file. We disagree. It is true that in December, 1987, approximately three months before the instant petition, the court ruled that VanHyning was entitled to the documents unless Balboa prevailed on its upcoming motion for summary judgment. However, it was not until February 17, 1988, after determining that Balboa was not entitled to summary judgment, that the circuit court entered its order compelling production of the documents. The petition for writ of certiorari was filed in this court March 16, 1988. VanHyning characterizes the February 17 order as "purely ministerial." However, we believe that the issue of disclosure was not ripe for appellate review until the specified *780 contingency had taken place, that being the resolution of Balboa's pending motion for summary judgment.
The petition for writ of certiorari is granted and this case is remanded to the circuit court for further proceedings consistent with this opinion.
SCHOONOVER and LEHAN, JJ., concur.