642 So.2d 1139 (1994)
SUPERIOR INSURANCE COMPANY, a foreign corporation, Petitioner,
v.
Edward A. HOLDEN and Gloria C. Holden, Respondents.
No. 94-1475.
District Court of Appeal of Florida, Fourth District.
September 21, 1994.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Mark A. Rutledge, Deerfield Beach, for petitioner.
William S. Frates, II, of William S. Frates, II, P.A., Vero Beach, for respondents.
STEVENSON, Judge.
In this third party bad faith action, Superior Insurance Company ("Superior") seeks certiorari review of an order of the trial court compelling production of its entire claims file. We grant the petition. Because the issue of coverage was in dispute and unresolved, we hold that the trial court departed from the essential requirements of law in ordering disclosure of any work product or attorney-client privileged information contained in the collection of documents generically referred to as the "claim file".
The respondents, Edward and Gloria Holden, were injured when their car collided with a car driven by Timothy Boutwell but owned by Cynthia Dellerman. Superior had issued a liability policy to Dellerman. The Holdens notified Superior of the accident and made an offer to settle their claim for Superior's policy limits. When, no settlement took place, the Holdens then sued Boutwell. Superior initially handled the defense of Boutwell under a reservation of rights, but then notified the Holdens that it would not honor any liability claims arising out of the accident, citing Boutwell's alleged nonpermissive use of the Dellerman car. The Holdens obtained a judgment in their favor against Boutwell, who was by that time, pro se, in *1140 the amount of $850,000 and in excess of the $50,000 limits of the Superior policy.
The Holdens subsequently filed suit against Superior alleging negligence, breach of its obligations and bad faith in failing to investigate and settle the case. Superior filed an answer asserting affirmative defenses that included claims that the policy exclusions and limitations applied, lack of insurance coverage for Boutwell, and failure to state a cause of action.
During the course of the litigation, the Holdens served Superior with a request to produce, asking for its entire "claims and investigative" files arising out of the subject accident. The Holdens anticipated that Superior would assert the work product privilege and said that they needed the materials requested and were unable, without hardship, to obtain the substantial equivalent by other means. Superior, in its response to the request to produce, asserted work product and attorney-client privilege objections. The trial court overruled Superior's objection and compelled production of the entire claims file.
Based on Superior's affirmative defenses, coverage is at issue in the present case. We agree with Superior that the order compelling disclosure of its claims file is premature because the issue of Superior's obligation to provide coverage has not yet been determined. Balboa Ins. Co. v. Vanscooter, 526 So.2d 779 (Fla. 2d DCA 1988); Allstate Ins. Co. v. Swanson, 506 So.2d 497 (Fla. 5th DCA 1987); Allstate Ins. Co. v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976). If the question of coverage were not at issue, the Holdens would be entitled to discovery of the original claims file in this third party bad faith action against the insurance carrier. The rationale for such an exception to the work product and attorney-client privilege "is because the injured third party `stands in the shoes' of the insured party in a third party bad faith case and the insurer owes a fiduciary duty to its insured." Dunn v. National Security Fire and Cas. Co., 631 So.2d 1103, 1109 (Fla. 5th DCA 1993).
In the present case, the issue of coverage was still unresolved at the time of the hearing on Superior's objection to the Holdens' request for production. Therefore, the trial court departed from the essential requirements of law when it overruled Superior's objection to the requested discovery. Of course, the Holdens may request that the trial court conduct an in camera inspection of the withheld documents to ensure that each properly meets the specific criteria of the work product and/or attorney-client privilege. The Holdens may also attempt to make the required showing of a good cause exception to the work product privilege under Rule 1.280(b)(3), Florida Rules of Civil Procedure.[1]
Accordingly, we issue the writ and quash the discovery order.
WARNER and POLEN, JJ., concur.
NOTES
[1] We reject the Holdens' argument that the trial court has already made a determination that they have established good cause entitlement to any work product material in the claims file. Because of the trial court's blanket denial of Superior's objection, the only reasonable conclusion that can be reached is that the trial court believed that the Holdens were entitled to the entire claims file without regard to work product or the attorney-client privileges.