ON MOTION FOR REHEARING

LEVY, Judge.
The clerk’s order previously issued in this case on September 26, 1994, is withdrawn, and this opinion is substituted in its place.
Bruce Todd Wheeland, a respondent herein, recovered a tort judgment against an insured of the petitioner, State Farm Fire & Casualty Company. Wheeland then filed this third-party bad faith action against State Farm, alleging breach of contract, negligence, and bad faith on the part of State Farm in failing to defend its insured against Wheeland’s claim, and in failing to settle for the policy limits. State Farm answered Wheeland’s complaint, and raised the affirmative defense of lack of coverage, asserting that its policy did not cover its insured for Wheeland’s particular claim. Thereafter, Wheeland filed a request for production, seeking discovery of all of State Farm’s correspondence, claim, and litigation files pertaining to Wheeland’s claim against State Farm’s insured. The trial court granted Wheeland’s request for these items. State Farm now seeks to quash the trial court’s order by way of a petition for a common law writ of certiorari.
State Farm contends that discovery of an insurer’s claim and litigation files is not permissible in a third-party bad faith action until the plaintiff in that action has established that the insurer is obligated to provide coverage under the policy. We agree with State Farm’s position, which is in accordance with the other District Courts of Appeal that have considered the issue. See Superior Ins. Co. v. Holden, 642 So.2d 1139 (Fla. 4th DCA 1994); General Accident Fire and Life Ins. *298 Corp. v. Boudreau, 19 Fla.L.Weekly D1843, 1994 WL 474965 (Fla. 5th DCA Sept. 2, 1994); Balboa Ins. Co. v. Vanscooter, 526 So.2d 779 (Fla. 2d DCA 1988); see also Allstate Ins. Co. v. Lovell, 530 So.2d 1106 (Fla. 3d DCA 1988) (discovery of an insurer’s files was impermissible prior to the establishment of coverage in a first-party bad faith action); Allstate Ins. Co. v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976) (same). Consequently, we find that the trial court departed from the essential requirements of law in granting the request for production. We grant the petition for a writ of certiorari, and quash the order under review. Our granting of the petition is without prejudice to Wheeland to again request production of State Farm’s files if, and when, he resolves the issue of coverage in his favor. See Dunn v. National Sec. Fire and Casualty Co., 631 So.2d 1103 (Fla. 5th DCA 1993); Stone v. Travelers Ins. Co., 326 So.2d 241 (Fla. 3d DCA 1976); Boston Old Colony Ins. Co. v. Gutierrez, 325 So.2d 416 (Fla. 3d DCA), cert. denied, 336 So.2d 599 (Fla.1976).
Certiorari granted; order quashed.