673 So.2d 518 (1996)
STATE FARM FIRE AND CASUALTY COMPANY, Petitioner,
v.
Kenneth MARTIN and John Till, Respondents.
No. 96-119.
District Court of Appeal of Florida, Fifth District.
April 19, 1996.
Rehearing Denied May 23, 1996.
*519 David H. Simmons and Julie E. Hions of Drage, deBeaubien, Knight, Simmons, Romano & Neal, Orlando, and Richard A. Strickland of Butler, Burnette, & Pappas, Tampa, for Petitioner.
Michael B. Swindle, Orlando and L. Danner Hiers, Winter Park, for Respondents.
COBB, Judge.
State Farm Fire and Casualty Company seeks certiorari review of an order of the trial court compelling State Farm to produce for discovery documents in a claim file in a case involving a declaratory judgment action to determine insurance coverage and a bad faith counterclaim. The issue in this case is whether a party in a combined insurance coverage/bad faith action is entitled to discovery of claim file documents consisting of protected work-product and privileged attorney-client material.
Kenneth Martin, the respondent, recovered a tort judgment against Phillip Banks, an insured of State Farm. State Farm filed an independent declaratory judgment action to determine whether the actions of Banks were covered under the terms of the policy.[1] Martin asserted a third party bad faith counterclaim. Martin also asserted a first party bad faith counterclaim as assignee of Banks's rights. Martin sought discovery of State Farm's claim file relating to the underlying litigation. After an in camera inspection the trial court entered an order compelling discovery of specified documents from State Farm's claim file. State Farm seeks certiorari review of this discovery order.
We grant the petition for writ of certiorari and quash the discovery order entered below. The trial court departed from the essential requirements of the law in compelling discovery of privileged materials. State Farm is entitled to a ruling concerning the dispute over coverage under the policy. See Tindall v. Allstate Ins. Co., 472 So.2d 1291 (Fla. 2d DCA 1985), rev. denied, 484 So.2d 10 (Fla.1986). There has been no judicial determination that State Farm has an obligation to provide coverage. Discovery of an insurer's claim and litigation file is not permissible in an action to determine coverage when that action is combined with a bad faith action until the insurer's obligation to provide coverage has been established. Allstate Ins. Co. v. Swanson, 506 So.2d 497 (Fla. 5th DCA 1987); State Farm Fire & Casualty Co. v. Wheeland, 648 So.2d 297 (Fla. 3d DCA 1995); Superior Ins. Co. v. Holden, 642 So.2d 1139 (Fla. 4th DCA 1994); Balboa Ins. Co. v. Vanscooter, 526 So.2d 779 (Fla. 2d DCA 1988). See also Allstate Ins. Co. v. Lovell, 530 So.2d 1106 (Fla. 3d DCA 1988) (discovery of an insurer's files impermissible prior to establishment of coverage in a first party bad faith action); Allstate Ins. Co. v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976) (same).
WRIT ISSUED; ORDER QUASHED.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] We note that the assertion of coverage for Banks's actions is dubious at best. Banks shot the respondent, Martin, when Martin tried to stab Banks after Martin found Banks in bed with Martin's estranged wife. As a matter of law the intentional act of discharging a firearm while directing it at another human being is an "intentional" act even though the firearm was discharged in self defense. Clemmons v. American States Ins. Co., 412 So.2d 906 (Fla. 5th DCA 1982), rev. denied, 419 So.2d 1196 (Fla.1982).