997 So.2d 1194 (2008)
ILLINOIS NATIONAL INSURANCE COMPANY, Petitioner,
v.
Patricia BOLEN, Respondent.
No. 5D08-3358.
District Court of Appeal of Florida, Fifth District.
December 19, 2008.
*1195 Angelia L. Mercer and Peter S. Roumbos of Young, Bill Fugett & Roumbos, P.A., Pensacola, for Petitioner.
No Appearance for Respondent.
EVANDER, J.
Illinois National Insurance Company (INIC) seeks a writ of certiorari to review a discovery order that (1) required INIC to produce its claims file to its insured, Patricia Bolen, and (2) required INIC's claims adjuster to appear for deposition. We grant the petition, in part, and deny, in part.
Bolen was involved in a motor vehicle accident when the vehicle she was driving was struck by another vehicle. She sustained various injuries as a result of the accident. At the time of the incident, Bolen was insured under an automobile insurance policy issued by INIC.
Bolen brought a two-count complaint against INIC. In Count I, Bolen sought to recover uninsured/underinsured motorist (UM) benefits. In Count II, Bolen asserted a "bad faith" claim for INIC's alleged breach of its fiduciary duty in the handling of her UM claim. The trial court abated the bad faith count until there was a final determination on Count I.
Bolen subsequently sought to take the deposition of INIC's claims adjuster, Christine Barnett. The notice of taking deposition duces tecum directed Barnett to produce her "entire file regarding Patricia Bolen." INIC filed a motion requesting that the trial court issue a protective order preventing the deposition and the attendant production of documents. In its motion, INIC contended that both the claims file and Barnett's testimony were protected by the work-product and attorney-client privileges and that they were irrelevant to the cause of action for the recovery of UM benefits.
The trial court determined that the only permissible areas of inquiry for Barnett were (1) INIC's affirmative defense alleging *1196 that Plaintiff had "failed to comply with all conditions precedent" prior to instituting the claim for UM benefits, and (2) INIC's denial of paragraph 8 of Bolen's complaint. (In paragraph 8, Bolen had alleged that the driver and owner of the motor vehicle that struck Bolen's vehicle were uninsured thereby triggering her entitlement to UM benefits.) The trial court declined to quash the subpoena duces tecum which required INIC to produce its claims file.
Certiorari is the appropriate remedy when a discovery order departs from the central requirements of law, causing material injury throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal. Allstate Ins. Co. v. Cambron, 936 So.2d 1210, 1212 (Fla. 5th DCA 2006). It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined. See, e.g., American Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347 (Fla. 5th DCA 1998); State Farm Fire & Cas. Co. v. Martin, 673 So.2d 518 (Fla. 5th DCA 1996); Allstate Ins. Co. v. Swanson, 506 So.2d 497 (Fla. 5th DCA 1987). Accordingly, the trial court's order constituted a departure from the essential requirements of law to the extent it required INIC to produce its claims file. Wheeler; Martin; Swanson.
We find no error in the trial court's decision to permit a limited deposition of INIC's claims adjuster.
The Petition for Writ of Certiorari is GRANTED, in part, and DENIED, in part.
LAWSON and COHEN, JJ., concur.