WALLACE, Judge.
Zirkelbach Construction, Inc., petitions this court for a writ of certiorari quashing an order granting Govin T. Rajan’s motion to compel the production of certain documents and denying Zirkelbaeh’s motion for a protective order. We grant the petition (1) because the documents requested are part of an insurance company’s claim file and the work product privilege protects them from discovery and (2) because Mr. Rajan did not prove that he needed the documents to prepare his case and that he was unable, without undue hardship, to obtain the substantial equivalent of those documents by other means.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
The underlying action involves a con- *1126 struetion dispute.[1] On October 20, 2000, Mr. Rajan entered into a contract with Zirkelbach for the construction of a single-family residence. According to Mr. Rajan, a certifícate of occupancy was issued on June 20, 2002, and on the weekend of July 4, 2002, the Rajan family moved into the residence. Mr. Rajan alleged in his complaint “that the residence was constructed in a defective manner causing numerous water intrusions into the residence from multiple sources that continue to this day.” Mr. Rajan alleged further that “[t]he numerous water intrusions have caused catastrophic damage to the residence.”
Zirkelbach’s liability carrier was Auto-Owners Insurance Company. In a motion filed seeking documents from Auto-Owners’ claims file, Mr. Rajan made the following additional allegations. In mid-2003, Auto-Owners began handling the claim. The adjuster for Auto-Owners, Chet Ked-zierski, reported the date of loss as July 81, 2008. For approximately the next three years, Mr. “Kedzierski hired contractors to assess the source of the water intrusions and [to] assess the damage to the structure.” On March 8, 2007, Mr. Kedzierski notified Mr. Rajan’s counsel that the statute of limitations had run and that Auto-Owners had denied Mr. Rajan’s claim.
On March 29, 2007, Mr. Rajan filed an action against Zirkelbach for damages. Zirkelbach raised various defenses to the complaint and also filed a counterclaim. One of Zirkelbach’s defenses to the action was that the statute of limitations[2] barred Mr. Rajan’s claims. Zirkelbach argued that Mr. Rajan knew of the leaks immediately upon taking occupancy on or about July 4, 2002. Therefore, he had until July 4, 2006, to file an action before the statute of limitations ran. Because Mr. Rajan did not file his action until March 29, 2007, his claims were barred. Zirkelbach also asserted that releases signed by Mr. Rajan and the doctrine of accord and satisfaction operated to bar Mr. Rajan’s claims. Finally, Zirkelbach contended that Mr. Rajan had not taken all possible steps to mitigate his damages.
In reply to Zirkelbach’s statute-of-limitations defense, Mr. Rajan argued that the statute of limitations had not run because Auto-Owners had determined the date of loss to be July 31, 2003, and he had filed his action within four years of that date. Alternatively, Mr. Rajan argued that because Zirkelbach and Auto-Owners led him to believe that they would repair the leaks, the doctrines of equitable estoppel and equitable tolling rendered the statute of limitations inapplicable to bar his claims.
During discovery, Mr. Rajan served a notice of taking deposition duces tecum of Mr. Kedzierski in which Mr. Rajan sought the production of fifteen broad categories of documents and correspondence from Auto-Owners’ claims file. Auto-Owners refused to produce the requested documents, claiming the benefit of the work-product privilege. Mr. Rajan filed a motion to compel, and Zirkelbach responded with a motion for a protective order. Mr. Rajan did not file any affidavits in support of his motion; Zirkelbach did not support its motion with any affidavits either. Moreover, neither of them offered any evidence at the hearing on the motions.[3]
*1127 At the motion hearing, the circuit court addressed the parties’ discovery dispute by ordering production to the court of the materials in Auto-Owners’ claims file generated through April 1, 2007. The circuit court proposed to review the documents in camera before ruling on the parties’ pending discovery motions. The circuit court apparently reasoned that Auto-Owners was entitled to withhold documents generated after April 1, 2007, because such documents “were generated in anticipation of litigation.” Presumably, the circuit court viewed the post-April 1, 2007, documents as indubitably constituting protected work product materials.
The circuit court reviewed the portions of Auto-Owners’ claims file generated on or before April 1, 2007, to determine “which documents must be produced to [Mr. Rajan] based on the following three criteria: a) which documents are not work product, b) which documents are relevant to the case, and c) which documents are more prejudicial than probative.” After conducting its review, the circuit court identified 164.5 pages that it “found were prepared in anticipation of litigation and are not legally necessary and relevant for disclosure.” The circuit court also identified 421.5 pages that it found were “not to be prepared in anticipation of litigation and are legally necessary and relevant for disclosure to [Mr. Rajan].” Ultimately, the circuit court ordered the production to Mr. Rajan of the 421.5 pages of materials that it deemed to be both relevant and not work product.
II. THE STANDARD OF REVIEW
A trial court has broad discretion in discovery matters. Nat’l Union Fire Ins. Co. of Pittsburgh Pa. v. Fla. Constr., Commerce & Indus. Self Insurers Fund, 720 So.2d 535, 535 (Fla. 2d DCA 1998). “[R]eview by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.” Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); see also Nat’l Union, 720 So.2d at 535-36; Wal-Mart Stores, Inc. v. Weeks, 696 So.2d 855, 856 (Fla. 2d DCA 1997).
III. DISCUSSION
The work product privilege protects from discovery “documents and tangible things otherwise discoverable” if a party prepared those items “in anticipation of litigation or for trial.” Fla. R. Civ. P. 1.280(b)(3). An insurer’s claim file generally constitutes work product and will be protected from discovery prior to a determination of coverage.[4] GEICO Gen. Ins. Co. v. Hoy, 927 So.2d 122, 124 (Fla. 2d DCA 2006); see also Scottsdale Ins. Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc., 813 So.2d 250, 251-52 (Fla. 3d DCA 2002) (“Neither the insured nor the injured third party is entitled to discovery of the claims file ... because the claims file is the insurer’s work product.”). Accordingly, an order compelling production of an insurer’s claim file when the issue of coverage is unresolved has been held to constitute a departure from the essential requirements of law for which certiorari relief is appropri *1128 ate. Scottsdale Ins., 813 So.2d at 251-52; Superior Ins. Co. v. Holden, 642 So.2d 1139, 1140 (Fla. 4th DCA 1994). On the other hand, a party may obtain documents that are otherwise protected by the work product privilege if it can show that it “has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Fla. R. Civ. P. 1.280(b)(3). This exception applies to an insurer’s claim file. Nat’l Sec. Fire & Cas. Co. v. Dunn, 705 So.2d 605, 607-08 (Fla. 5th DCA 1997).
In his motion to compel production of the documents, Mr. Rajan requested that the trial court:
1) make a finding that ... Auto Owner’s [sic] participation in the case became “in anticipation of litigation” on March 8, 2007 when it formally denied the claim,
2) make a finding that nothing in the claims file prior to March 8, 2007 is protected work product,
3) make a finding that nothing Auto Owner’s [sic] did to investigate or adjust the claim prior to March 8, 2007 is protected work product,
4) order that all documents in the claims file pre-dating March 8, 2007 be turned over to Rajan (or, at a minimum, be reviewed by the Court in camera to determine whether some other basis exists for Zirkelbach’s claimed privilege),
5) order Kedzierski to appear for a second deposition in order to respond to the questions improperly objected to and to discuss the documents in the claims file which Zirkelbach is ordered to produce in accordance with the instant motion, and
6) order Zirkelbach to pay the attorneys’ fees incurred by Rajan in prosecuting the instant motion, in accordance with Rule 1.380(a)(4), Florida Rules of Civil Procedure.
Thus Mr. Rajan’s focus in the circuit court was whether the claims handling materials from Auto-Owners’ file were protected work product, not whether the materials were necessary for the preparation of Mr. Rajan’s case and were unobtainable, without undue hardship, by other means.
On the work product issue, Mr. Rajan relies primarily — as he did in the circuit court — on cases decided by the Fourth District Court of Appeal. However, the Fourth District’s approach to this subject differs from the approach adopted by Florida’s four other district courts of appeal. All of the district courts hold generally that the work product privilege attaches to statements and materials prepared by a party’s investigator or insurer in anticipation of litigation. Nevertheless, the district courts differ concerning the meaning of “prepared in anticipation of litigation.” In the Fourth District, materials do not constitute protected work product unless they were prepared when the probability of litigation was “substantial and imminent.” Liberty Mut. Fire Ins. Co. v. Bennett, 883 So.2d 373, 374 (Fla. 4th DCA 2004), decision quashed on other grounds, 905 So.2d 119, 120 (Fla.2005); see also Cotton States Mut. Ins. Co. v. Turtle Reef Assocs., Inc., 444 So.2d 595, 596 (Fla. 4th DCA 1984) (“The work product privilege attaches to statements and materials prepared by a party’s investigator or insurer only if these were prepared in contemplation of litigation. Mere likelihood of litigation does not satisfy this qualification.” (citations omitted)).
However, the Second District applies a less stringent foreseeability standard:
[Mjaterials such as these may qualify as work product even if, as here, no specific litigation was pending at the time the *1129 materials were compiled. Even preliminary investigative materials are privileged if compiled in response to some event which foreseeably could be made the basis of a claim.
Anchor Nat’l Fin. Servs., Inc. v. Smeltz, 546 So.2d 760, 761 (Fla. 2d DCA 1989). “The key factor in [this] determination is whether the documents were ‘prepared in anticipation of litigation.’ It is not necessary that the documents be prepared for imminent or ongoing litigation.” Waste Mgmt., Inc. v. Fla. Power & Light Co., 571 So.2d 507, 509 (Fla. 2d DCA 1990). Instead, “[t]he trial court must focus on whether there is some event which could foreseeably be the basis of future litigation that compels the creation of the documents.” Nat’l Union, 720 So.2d at 537 (also noting that a contrary result was reached in Cotton States). With the exception of the Fourth District, each of our sister districts has adopted the same foreseeability standard. See Marshalls of MA, Inc. v. Minsal, 932 So.2d 444, 447 (Fla. 3d DCA 2006) (comparing the foreseeability standard adopted by the First, Second, Third, and Fifth Districts with the “substantial and imminent” standard adopted by the Fourth District). The Fourth District has recognized “that [its] position conflicts with decisions from other districts finding that statements are privileged and protected as work product when they were taken at a time when it was foreseeable that litigation would arise.” Allstate Indem. Co. v. Ruiz, 780 So.2d 239, 241 (Fla. 4th DCA 2001), decision quashed on other grounds, 899 So.2d 1121 (Fla. 2005). To date, the Supreme Court of Florida has not resolved the conflict among the district courts on this issue.
Unfortunately, in reaching its ruling, the circuit court relied primarily on the cases from the Fourth District cited by Mr. Ra-jan. The circuit court should have applied the controlling precedent from this court instead of cases from the Fourth District.
We have reviewed the documents that the circuit court identified and ordered to be produced to Mr. Rajan. These documents consist of claims handling materials and are clearly Auto-Owners’ protected work product. See Seminole Cas. Ins. Co. v. Mastrominas, 6 So.3d 1256, 1258 (Fla. 2d DCA 2009) (“[Requiring the disclosure of claim file materials during the litigation of coverage issues would result in irreparable harm that cannot be adequately addressed on appeal.”); Utica Mut. Ins. Co. v. Croft, 432 So.2d 196, 197 (Fla. 1st DCA 1983) (“Our examination of the contents of the claims file reveals that it contains the personal thoughts of Utica’s employees regarding evaluation of the claim and possible settlement offers. The work product doctrine clearly was designed to protect matters such as these from discovery.”).
As noted above, an exception to the rule protecting work product from discovery exists where a litigant can show that he or she needs the documents to prepare his or her case and that the litigant is unable to obtain the substantial equivalent of the materials by other means without undue hardship. Fla. R. Civ. P. 1.280(b)(3). This exception applies to insurance claim flies. Dunn, 705 So.2d at 607-08. In his petition for writ of certio-rari, Mr. Rajan argues that this exception is applicable here. Mr. Rajan’s arguments on this point may have merit. However, we may not consider these arguments because he did not present any evidence on this issue in the circuit court. Mr. Rajan did not support his motion to compel with any affidavits, and he did not present any evidence at the hearing. In response to a question from the circuit court at the hearing, Mr. Rajan’s counsel made an offhand assertion of a need for the requested materials. *1130 [5] However, the argument of counsel is not a substitute for evidence. State v. T.A., 528 So.2d 974, 975 (Fla. 2d DCA 1988) (“[Representations by counsel not made under oath and not subject to cross-examination, absent a stipulation, are not evidence.”).
To show “need,” a party must present testimony or evidence demonstrating the material requested is critical to the theory of the requestor’s case, or to some significant aspect of the case. Once the trial court knows the request- or’s theory as to why the items are needed ..., the trial court should then conduct an in camera review. During this review, the trial court can evaluate whether the contested materials provide the requisite evidentiary value alleged by the requesting party, and determine whether the requested materials are substantially similar to materials already available.
Metric Eng’g, Inc. v. Small, 861 So.2d 1248, 1250 (Fla. 1st DCA 2003) (emphasis added); see also CSX Transp., Inc. v. Carpenter, 725 So.2d 434, 435 (Fla. 2d DCA 1999) (quashing order granting motion to compel discovery because the record did not contain affidavits or testimony in support of the plaintiffs argument that it was unable to obtain the substantial equivalent of the materials by other means without undue hardship); Falco v. N. Shore Labs. Corp., 866 So.2d 1255, 1257 (Fla. 1st DCA 2004) (holding that need and undue hardship “must be demonstrated by affidavit or sworn testimony”); N. Broward Hosp. Dist. v. Button, 592 So.2d 367, 368 (Fla. 4th DCA 1992), (“[T]he unsworn assertions of plaintiffs counsel were insufficient to constitute a showing of need and undue hardship.”), called into doubt on other grounds as stated in Columbia Hosp. Corp. of S. Broward v. Fain, 16 So.3d 236 (Fla. 4th DCA 2009).
IV. CONCLUSION
Because Mr. Rajan failed to make the required showing of need and inability to obtain Auto-Owners’ protected claims handling materials by other means without undue hardship, the circuit court departed from the essential requirements of law in compelling Auto-Owners to disclose the materials. Accordingly, we grant Zirkel-bach’s petition and quash the circuit court’s order requiring disclosure of the materials culled from Auto-Owners’ claims file. Our disposition of the petition is without prejudice to Mr. Rajan’s right to seek again the production of the materials in question if he can show, at an evidentia-ry hearing, that he needs them to prepare his case and that he is unable to obtain the substantial equivalent of the materials by other means without undue hardship. See Fireman’s Fund Ins. Co. v. Signorelli, 681 So.2d 720, 721-22 (Fla. 2d DCA 1996).
Petition granted; order quashed.
KELLY and KHOUZAM, JJ„ Concur.

. Many of the facts in this case are disputed by the parties. The parties’ contentions remain to be resolved at trial.

. Zirkelbach relied on the four-year statute of limitations in section 95.11 (3)(c), Florida Statutes (2006).

.Auto-Owners did not claim in its motion for protective order that any of the documents requested were protected by the attorney-client privilege. However, Auto-Owners did raise that issue at the motion hearing. It does not appear that any of the materials that *1127 the circuit court ordered to be produced are protected by the attorney-client privilege, and the parties have not addressed the issue of the applicability of the attorney-client privilege in their arguments in this court.

. But the claim file may be discoverable when an insurer is sued for bad faith after any coverage dispute has been settled. Allstate Indent. Co. v. Ruiz, 899 So.2d 1121, 1129-30 (Fla.2005).

. Mr. Rajan did not refer to the exceptions to the work product privilege in his written motion to compel. He simply argued that the requested material was not work product.