ON MOTION FOR REHEARING

PER CURIAM.
We grant Aloni’s motion for rehearing in part, withdraw our previous opinion, and substitute the following:
State Farm Florida Insurance Company petitions for a writ of certiorari, seeking review of the trial court’s order which allows discovery of activity log notes, emails, and photographs contained in the insurer’s claim file. State Farm contends that production of these documents constitutes improper, premature bad faith discovery. Because the order departs from the essential requirements of the law and *413 causes irreparable injury, we grant the petition and quash the order.
The underlying action involves a property insurance coverage dispute. Meir Alo-ni, as personal representative of the Estate of Sonja Aloni, sued State Farm to recover for roof damage to a residence allegedly caused by Hurricane Wilma. Aloni alleged that he discovered damage to the roof around February 26, 2010, and immediately notified the insurer.
In his first request for production, Request # 2, Aloni asked for State Farm’s “complete ‘Claims File.’ ” State Farm produced a number of documents, but objected to Request # 2, asserting that this was protected work product and attorney-client privileged material, and that the request seeks proprietary information that is not relevant nor likely to lead to the discovery of admissible evidence. State Farm also objected that this request was vague and overbroad. It produced portions of the claim file for which any privilege was already waived and filed a privilege log for the remaining documents.
Aloni moved to compel production. He argued that State Farm was improperly withholding documents that were created before the denial of his claim and not in anticipation of litigation. He further argued that work product protection does not attach to portions of the claim file generated in the ordinary scope of the insurer’s business. State Farm responded that whether the policy covers the claim is a disputed issue because Aloni did not report the damage until approximately four-and-a-half-years after the hurricane, and that while the coverage issue is pending, the claims file is not discoverable.
State Farm also relied on an affidavit from its litigation specialist, who stated that because the deceased policy holder and her representative, Aloni, did not report the claim until years after the hurricane, State Farm sent Aloni a reservation of rights letter twelve days after receiving notice of the claim to inform him that it would investigate the claim. The affidavit stated that the log notes were prepared after the insurer received notice of the claim, and that the notes contain personal thoughts, evaluations, mental impressions, and recommendations regarding the claim and the possibility of litigation. The affidavit stated that the insurer did not intend the notes to be discoverable by third parties, only litigation counsel; the notes were prepared in contemplation of litigation because the late reported claim was a foreseeable basis for litigation. The affidavit further stated that the log notes include directives to counsel regarding the handling of litigation.
At a hearing on the motion to compel, Aloni asserted that the activity log notes (from the time the claim was made on April 14, 2010 to service of the lawsuit on December 17, 2010), internal emails, and photographs were not protected work product. Aloni argued that in this case the possibility of litigation was not substantial and imminent until State Farm learned of the suit. Aloni also contended that the claim file materials were relevant based on State Farm’s position that the claim was not timely reported. According to Aloni, this gave rise to a presumption of prejudice that Aloni had to overcome.
Following the hearing, the court conducted an in camera inspection. It then granted the motion to compel in part, ordering production of the activity log notes from April 14, 2010 to December 17, 2010, internal emails, and photographs. State Farm was ordered to file the documents under seal. The' trial court denied State Farm’s motion for rehearing, but granted a stay pending resolution of this petition.
*414 State Farm argues that the trial, court’s order departs from the essential requirements of law by allowing premature bad faith discovery in a coverage dispute. It cites Florida case law addressing the protected nature of claim file materials in actions where the coverage issue has not yet been determined. See Superior Ins. Co. v. Holden, 642 So.2d 1139, 1140 (Fla. 4th DCA 1994) (“We agree with Superior that the order compelling disclosure of its claims file is premature because the issue of Superior’s obligation to provide coverage has not yet been determined.”); Balboa Ins. Co. v. Vanscooter, 526 So.2d 779 (Fla. 2d DCA 1988).
State Farm argues that production of claim file material at this stage in the litigation will cause irreparable harm, citing Seminole Casualty Insurance Co. v. Mastrominas, 6 So.3d 1256, 1258 (Fla. 2d DCA 2009) (concluding an order “requiring the disclosure of claim file materials during the litigation of coverage issues would result in irreparable harm that cannot be adequately addressed on appeal”).
State Farm also cites our recent decision in State Farm Mutual Automobile Insurance Co. v. Tranchese, 49 So.3d 809, 810 (Fla. 4th DCA 2010), which explained that a party is not entitled to discovery related to the claim file or the insurer’s business practices regarding the handling of claims until the obligation to provide coverage and damages has been determined.
In this petition, State Farm stresses that the requested discovery is irrelevant to the coverage dispute and protected by work-product privilege, and that its disclosure will cause material injury of an irreparable nature.
The personal representative of the insured’s estate argues that the claim file materials ordered for production are relevant to the issue of whether the insurer was prejudiced by the untimely reporting of the claim.
Generally, an insurer’s claim file constitutes work product and is protected from discovery prior to a determination of coverage. Superior Ins. Co. v. Holden, 642 So.2d at 1140. Thus, where the issue of coverage is still unresolved at the time of the insurer’s objection to the request for discovery of its claim file, the trial court departs from the essential requirements of law in overruling the insurer’s objection. Id. However, as we noted in Holden, an insured “may request that the trial court conduct an in camera inspection of the withheld documents to ensure that each properly meets the specific criteria of the work product and/or attorney-client privilege.” Id. In addition, a party may obtain privileged work product documents by making the required showing of a good cause exception to the work product privilege under Rule 1.280(b)(4), Florida Rules of Civil Procedure. Id. This rule allows a party to obtain documents “that are otherwise protected by the work product privilege if it can show that it ‘has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.’ ” Zirkelbach Constr., Inc. v. Rajan, 93 So.3d 1124, 1128 (Fla. 2d DCA 2012) (quoting former Rule 1.280(b)(3), now Rule 1.280(b)(4)).
In this case, where the coverage issue is in dispute and has not been resolved, the trial court departed from the essential requirements of the law in compelling disclosure of State Farm’s claim file materials without the requesting party proving need and the inability to obtain the substantial equivalent of this material without undue hardship. Because State Farm has shown that such disclosure would result in irreparable harm that can *415 not be adequately addressed on appeal, we grant the petition and quash the discovery order.

Granted.

WARNER, STEVENSON and TAYLOR, JJ., concur.