PER CURIAM.
Petitioner, State Farm Florida Insurance Company (“State Farm”) seeks cer-tiorari review of an order granting in part and denying in part its motion for protective order. We grant the petition.

*495
Relevant Facts

State Farm issued a homeowners insurance policy to Thomas and Victoria Maras-cuillo for a home in Spring Hill, Florida. In 2004, the Marascuillos reported a sinkhole claim relating to the property (“2004 claim”). State Farm retained HSA Engineers & Scientists to investigate and test the property for sinkhole activity. It concluded that sinkhole activity was present on the property and recommended compaction grouting to address the problem. State Farm paid the claim in 2004, which covered the estimated cost of the compaction grouting. In 2005, the Marascuillos apparently hired Geojet, Inc. to remediate the sinkhole using a different methodology (grouted piers) in lieu of the compaction grouting for which State Farm had issued payment.
In 2010, the Marascuillos reported another claim to State Farm regarding purported sinkhole activity on the property (“2010 claim”). State Farm retained Geo-hazards, Inc., to inspect and test the property for sinkhole activity. According to State Farm, Geohazards concluded that the damage to the property was not caused by further sinkhole activity, but instead by improper or inadequate remediation of the 2004 sinkhole. Consequently, State Farm advised the Marascuillos that the damage was not covered under the policy.
In September 2011, the Marascuillos filed a complaint against State Farm, seeking payment of the 2010 claim. State Farm filed an answer, which included as an affirmative defense that the Marascuil-los did not appear to have completed the repairs as agreed when State Farm paid the 2004 claim, which may be the cause of the current damage, and would be a defense to coverage under the policy.
On August 23, 2013, the Marascuillos filed a notice of taking deposition duces tecum of corporation representative and requested that the representative produce various documents, many of which pertained to the 2004 claim file. State Farm filed a motion for protective order to prevent the Marascuillos from obtaining its claim files and inquiring into topics pertaining to the claim files. State Farm argued that the claim file information was irrelevant and not discoverable in actions which involve only the determination of coverage.
The Marascuillos responded to the motion for protective order by arguing that State Farm had taken the position that the Marascuillos’ 2010 claim was not covered because the damages were not caused by sinkhole activity, but instead by the improper remediation of the damages in the 2004 claim. Specifically, the Marascuillos argued:
Defendant has made Plaintiffs’ prior claim, claim number 59-C923-64, Defendant’s investigation of that claim, Defendant’s payments for that claim, the reasons for those payments, Defendant’s post claim inspections, Defendant’s knowledge of the implemented repairs, and Defendant’s decision to continue insuring the Plaintiffs’ property for sinkhole loss directly relevant to the issue of coverage in this case. For that same reason, Defendant has made the respective documents relevant as well.
The Marascuillos further asserted that:
Defendant should be prohibited from asserting that Plaintiffs’ claim is not covered because the damages were caused by the improper remediation of the damages in the first claim, while at the same time asserting a privilege, thus prohibiting Plaintiffs from discovering Defendant’s knowledge and acceptance of those repairs and reasons for continuing to insure the Plaintiffs’ property.
*496 On October 29, 2018, the trial court issued an order granting in part and denying in part State Farm’s motion for protective order. The trial court noted that discovery of an insurer’s claim file is not permissible in a coverage dispute. The court stated:
3. Notably, it appears that the issue of whether an insurer’s claim file is discoverable is dependent upon whether the issue of insurance coverage is resolved. In the instant action, there are two separate claims that have been addressed within the parties’ pleadings. In the first claim from 2004, claim number 59-C923-164, Defendant’s retained engineers HSA Engineers & Scientists concluded sinkhole activity was present on Plaintiffs’ premises. Defendant thereafter issued payment. Def s Mot. for Protective Order ¶¶ 3-4. The sinkhole was subsequently repaired by GeoJet, Inc. using a plan designed by B.A.S.I.C. Engineering. Id. at ¶ 5. The second claim from 2011, claim number 59-D297-851, was filed by Plaintiffs after noticing new damages. Pl.’s Resp. to Def s Mot. for protective order ¶¶ 8-9. After Defendant’s retained engineers Geohazards, Inc.’s inspection of Plaintiffs’ premises, Defendant advised Plaintiffs that the damage was not caused by sinkhole activity, but instead was the result of improper remediation of the damages from the first claim. Id. at ¶ 14.
4. Based on the foregoing, it appears to this Court that there are two separate claims. The first of which, claim number 59-C923-164, has been resolved since the payment and repair related to that claim in 2005. Given the apparent resolved status of that claim, this Court determines that case law would permit Plaintiffs’ discovery from Defendant’s claim file as to claim number 59-C923-164.
5.Further, this Court agrees with Plaintiffs that the first claim is particularly relevant to the instant action-Defendant denied the current claim because of the alleged improper remediation of the first claim’s damages. See Northup v. Acken, 865 So.2d 1267, 1270 (Fla.2004) (holding that all materials reasonably expected or intended to be used at trial are subject to proper discovery requests and are not protected by the work product privilege).
Ultimately, the trial court denied State Farm’s motion as to the 2004 claim file and areas of inquiry related to that file, but granted a limited protective order to the extent the Marascuillos were seeking production of documents from the 2010 claim file. At no time did the trial court inspect the documents ordered to be produced.
On November 27, 2013, State Farm filed this petition for writ of certiorari seeking review of the order denying its motion for protective order.

Analysis

Our standard of review on a petition for writ of certiorari is whether the trial court’s order constitutes a departure from the essential requirements of law that causes material injury throughout the lawsuit, leaving no other adequate remedy. Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999). The material injury standard can often be met when the order on review permits the production of potentially privileged material because the complaining party would be beyond relief by plenary appeal, long after the information is disclosed. See, e.g., D. Stephenson Constr., Inc. v. Mendiguren, 958 So.2d 527, 528 (Fla. 4th DCA 2007). For this reason, an order compelling disclosure of an insurer’s claim file is generally reviewable by petition for writ of certiorari. See, e.g., Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008) (cer- *497 tiorari proceeding noting the “well-established” rule in Florida “that an insurer’s claims file constitutes work-product”); cf. Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121, 1123 (Fla.2005) (recognizing Florida’s long-standing policy that “[generally, an insurer’s claim and litigation files constitute work product and are protected from production[,]” but receding from pri- or precedent and holding that a claim file prepared in anticipation of coverage litigation is discoverable in an insurance bad faith suit upon the conclusion of the coverage litigation (internal citation and quotation marks omitted)).[1]
The trial court appears to have erred in this case by implicitly concluding that the claim file lost the qualified work product privilege when the 2004 claim was closed with no litigation having materialized. Contrary to this conclusion, most courts addressing the issue have held (either expressly or impliedly) that the work product doctrine protects documents created in anticipation of terminated litigation as well as anticipated litigation that never materializes. See generally Annotation, Work Product Privilege as Applying to Material Prepared for Terminated Litigation or for Claim Which Did Not Result in Litigation, 27 A.L.R.4th 568 (2014); Russell J. Davis, Annotation, Attorney’s Work Product Privilege, under Rule 26(b)(3) of the Federal Rules of Civil Procedure, as Applicable to Documents Prepared in Anticipation of Terminated Litigation, 41 A.L.R. Fed. 128 (2014). This is the rule explicitly adopted in Florida. See Ruhland v. Gibeault, 495 So.2d 1243, 1244 (Fla. 5th DCA 1986) (holding that the work product privilege does not expire when a case is closed); Alachua Gen. Hosp., Inc. v. Zimmer U.S.A., Inc., 403 So.2d 1087 (Fla. 1st DCA 1981) (holding that the work product privilege extends beyond the anticipated litigation and noting that “the weight of modern authority clearly provides that work product retains its qualified immunity after the original litigation terminates, regardless of whether or not the subsequent litigation is related”).
We still view this as the correct rule, and also believe this rule to be implicit in the Florida Supreme Court’s holding in Ruiz. In other words, there would have, been no reason for the supreme court to carve out an exception calling for the production of a coverage claim file as part of discovery in a bad faith action, but only upon conclusion of the coverage litigation, if the work product privilege expired at the conclusion of the coverage litigation anyway. Rather, Ruiz can be read as essentially concluding that the good faith exception (to the work product privilege) can always be met in a bad faith action because the coverage claim file “presents virtually the only source of direct evidence with regard to the essential issue of the insurance company’s handling of the insured’s claim” such that its production will always be “necessary to fairly evaluate the allegations of bad faith-information” and “to advance [the bad faith] action.... ” Ruiz, 899 So.2d at 1128-29. Because the Marascuillos’ action below is a coverage case, not sounding in bad faith, Ruiz does *498 not authorize discovery of the 2004 claim file.
Of course, “an insured ‘may request that the trial court conduct an in camera inspection of the withheld documents to ensure that each properly meets the specific criteria of the work product and/or attorney-client privilege.’ ” State Farm Fla. Ins. Co. v. Aloni, 101 So.3d 412, 414 (Fla. 4th DCA 2012) (quoting Superior Ins. Co. v. Holden, 642 So.2d 1139, 1140 (Fla. 4th DCA 1994)).
Additionally,
a party may obtain privileged work product documents by making the required showing of a good cause exception to the work product privilege under Rule 1.280(b)(4), Florida Rules of Civil Procedure. This rule allows a party to obtain documents “that are otherwise protected by the work product privilege if it can show that it ‘has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.’ ”
Id., 101 So.3d at 414 (citations omitted); see also Fla. R. Civ. P. 1.280(b)(4). The work product doctrine also protects discovery from an expert not expected to be called as a witness at trial, and discovery would only be obtainable as provided in Florida Rule of Civil Procedure 1.360(b) or “upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.” City of Jacksonville v. Rodriguez, 851 So.2d 280, 282-83 (Fla. 1st DCA 2003) (quoting Fla. R. Civ. P. 1.280(b)(4)(B)). This rule was renumbered to 1.280(b)(5)(B) in 2012.
Here, the trial court correctly concluded that there may be some documents in the 2004 claim file that are relevant to issues in the current litigation and that may be discoverable under the good cause or exceptional circumstances standards. However, the trial court departed from the essential requirements of the law by ordering production of the entire claim file without conducting an in camera inspection to determine whether there are, in fact, any relevant documents that would meet the standard for production of otherwise privileged (or work product) documents or information. As such, the order under review is quashed, and we remand for further proceedings consistent with this opinion.
PETITION GRANTED; ORDER QUASHED.
SAWAYA, LAWSON and LAMBERT, JJ., concur.

. Interestingly, in contrast to the uniform position of Florida’s state courts on this issue, the federal courts in Florida have criticized this rule and “generally have found that no work-product protection attaches to an insurer's claim file (even if an employee handling the claim is an attorney, or if the insurer hired outside or monitoring counsel to assist with the claim processing) because the claim file is a business record, prepared in the ordinary course of the insurer’s business, until the date on which coverage is denied." Maple-Wood Partners, L.P. v. Indian Harbor Ins. Co., 295 F.R.D. 550, 629 (S.D.Fla.2013) (citations omitted).