NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE DOCTORS COMPANY,                )
                                    )
            Petitioner,              )
                                    )
v.                                  )    Case No.  2D15-3052
                                    )
JAMES RANDALL THOMAS a/k/a          )
Randy Thomas, as Personal           )
Representative of the Estate of     )
Mildred Thomas, deceased, and as    )
Personal Representative of the Estate )
of Lucy Thomas, deceased, and as    )
assignee of Kenneth W. Backstrand,  )
M.D. and Kenneth W. Backstrand &    )
Associates, M.D., P.A.; Kenneth W.  )
Backstrand, M.D. and Kenneth W.     )
Backstrand and Associates, M.D., P.A., )
                                    )
            Respondents.             )
_____ )

Opinion filed February 5, 2016.

Petition for Writ of Certiorari to the
Circuit Court for Lee County; James R.
Thompson, Senior Judge.

Shelley H. Leinicke of Wicker, Smith,
O'Hara, McCoy & Ford, P.A., Ft.
Lauderdale, for Petitioner.

Roy D. Wasson and Annabel C.
Majewski of Wasson & Associates,
Chartered, Miami, for Respondent James
Randall Thomas.

No appearance for remaining Respondents.

CRENSHAW, Judge.

The Doctors Company petitions this court for a writ of certiorari to review a discovery order that denies its motion for protective order and compels the production of The Doctors Company's claims file and other investigative documents prior to any insurance coverage determination. Because the trial court's order directs The Doctors Company to turn over protected materials before any coverage determination has been made, we grant the petition and quash the order.

This now consolidated lawsuit originated as a declaratory judgment action wherein The Doctors Company sought a declaration concerning its obligations under an insurance policy issued to an insured after the insured entered into an unauthorized settlement with a tort claimant. James Randall Thomas, the personal representative of the estate of the original tort claimant, subsequently filed an action asserting various claims against The Doctors Company including claims for both statutory and common-law bad faith. After the actions were consolidated, Thomas sought discovery of information related to The Doctors Company's claims materials while the declaratory action remained pending.

We agree with The Doctors Company that the order compelling disclosure of its claims file and other related materials prior to any coverage determination departs from the essential requirements of the law. See e.g., Zirkelbach Constr., Inc. v. Rajan, 93 So. 3d 1124, 1127 (Fla. 2d DCA 2012) ("[A]n order compelling production of an insurer's claim file when the issue of coverage is unresolved has been held to constitute

a departure from the essential requirements of law for which certiorari relief is appropriate."); <u>Balboa Ins. Co. v. Vanscooter</u>, 526 So. 2d 779, 779 (Fla. 2d DCA 1988); <u>Scottsdale Ins. Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc.</u>, 813 So. 2d 250, 251 (Fla. 3d DCA 2002).  Such premature disclosure results in irreparable harm that cannot be remedied on plenary appeal.  <u>See e.g.,</u> <u>Old Republic Nat'l. Title Ins. Co. v. HomeAmerican Credit, Inc.</u>, 844 So. 2d 818, 820 (Fla. 5th DCA 2003).  Accordingly, we grant the petition for certiorari and quash the order under review.

Petition granted; order quashed.


KELLY and KHOUZAM, JJ., Concur.