# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**SAFEPOINT INSURANCE COMPANY,**
Petitioner,

v.

**CLAIMCAP, LLC,**
Respondent.

No. 4D21-560

[October 20, 2021]

Petition for writ of certiorari to the County Court for the Seventeenth Judicial Circuit, Broward County; Nina W. Di Pietro, Judge; L.T. Case No. COCE17-011131, CACE19-022973.

Curt L. Allen and Brian A. Hohman of Butler Weihmuller Katz Craig LLP, Tampa, for petitioner.

Chad A. Barr of the Law Office of Chad A. Barr, P.A., Altamonte Springs, for respondent.

PER CURIAM.

*Petition denied.*

GROSS and KLINGENSMITH, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

Safepoint Insurance Company seeks certiorari review of the county court's order allowing discovery. I would grant the petition, as the trial court departed from the essential requirements of law in permitting discovery of Safepoint's claim file without respondent proving the need for the materials and its inability to obtain the substantial equivalent of such materials without undue hardship.

The respondent, Claimcap, LLC, through an assignment of benefits from Safepoint's insured, filed suit for breach of contract due to Safepoint's denial of coverage for repairs made to the insured's property due to a

plumbing failure. Safepoint denied the claim, denying that coverage existed for the incident. The issue of coverage had not been determined when Claimcap filed a request for production of Safepoint's claims file. Safepoint responded to the request and identified certain documents as work product and claim file material and objected to their production.

After a hearing on Safepoint's objections, the trial court ordered Safepoint to file a privilege log so that it could conduct an *in camera* inspection. Based upon that inspection, the trial court determined the date that Safepoint could have reasonably contemplated litigation and determined that documents created prior to that date were not protected by the work product privilege because they were not prepared in anticipation of litigation. The court ordered their production. Safepoint then filed this petition for writ of certiorari contending that the trial court's order departed from the essential requirements of law.

In *State Farm Florida Insurance Co. v. Aloni*, 101 So. 3d 412 (Fla. 4th DCA 2012), the insured requested the production of the insurance company's claims file in a property insurance dispute. The trial court conducted an *in camera* inspection, but allowed the production of documents from the time the claim was reported to the filing of the lawsuit. We held that the court had departed from the essential requirements of law in ordering production. We stated:

> Generally, an insurer's claim file constitutes work product and is protected from discovery prior to a determination of coverage. *Superior Ins. Co. v. Holden*, 642 So. 2d [1139,] 1140 [Fla. 4th DCA 1994]. **Thus, where the issue of coverage is still unresolved at the time of the insurer's objection to the request for discovery of its claim file, the trial court departs from the essential requirements of law in overruling the insurer's objection.** *Id.* However, as we noted in *Holden*, an insured "may request that the trial court conduct an *in camera* inspection of the withheld documents to ensure that each properly meets the specific criteria of the work product and/or attorney-client privilege." *Id. . . . .*

> In this case, where the coverage issue is in dispute and has not been resolved, the trial court departed from the essential requirements of the law in compelling disclosure of State Farm's claim file materials **without the requesting party proving need and the inability to obtain the substantial equivalent of this material without undue hardship.**

*Id.* at 414 (bold emphasis added). Similarly, in *Nationwide Insurance Co. of Florida v. Demmo,* 57 So. 3d 982, 984 (Fla. 2d DCA 2011), the court held that the trial court departed from the essential requirements of law in compelling the production of a claims file before the issuance of coverage was decided in a breach of contract claim. *Accord Castle Key Ins. Co. v. Benitez,* 124 So. 3d 379, 380 (Fla. 3d DCA 2013).

In this breach of contract case, the issue of coverage was unresolved. The trial court mistakenly believed that no work product privilege could exist for documents created prior to the date that the insurer could have anticipated litigation. The foregoing cases show that this is not the state of the law in breach of contract cases.

The trial court relied on *Cotton States Mutual Insurance Co. v. Turtle Reef Associates, Inc.*, 444 So. 2d 595 (Fla. 4th DCA 1984), which held that an insurance claims file was not protected work product where it was in the early stages of claims investigation to determine whether the claim was covered. "The work product privilege attaches to statements and materials prepared by a party's investigator or insurer only if these were prepared in contemplation of litigation. Mere likelihood of litigation does not satisfy this qualification." *Id.* at 596 (internal citations omitted). This decision has been criticized. *See, e.g., Fla. Cypress Gardens, Inc. v. Murphy,* 471 So. 2d 203, 204 (Fla. 2d DCA 1985). And other District Courts of Appeal do not follow it. *See Zirkelbach Constr., Inc. v. Rajan,* 93 So. 3d 1124, 1128–29 (Fla. 2d DCA 2012). Our Court has also explained that *Cotton States* involved a first-party bad faith action which involved different considerations:

> Nevertheless, the quoted sentence [quoted above] from *Cotton States* is sometimes cited to us as a holding imposing a heightened requirement for all claims of work product protection in this district. *See[,] e.g., Marshalls of MA Inc. v. Minsal,* 932 So. 2d 444 (Fla. 3d DCA 2006). We hope to clarify *Cotton States* by pointing to its context. *Cotton States* concerned a claim by an insured that an insurance carrier had engaged in bad faith in regard to the handling and settlement of a claim arising under the liability policy. We call attention to the fact that, because of the fiduciary relationship between the insured and carrier, the carrier's file developed during the handling of the claim could hardly be deemed protected from its own insured to whom it owed a fiduciary duty. The carrier lacked any basis to claim a privilege of nondisclosure about the claim file in a later bad-faith suit.

3

*Neighborhood Health P'ship, Inc. v. Peter F. Merkle M.D., P.A.*, 8 So. 3d 1180, 1184 (Fla. 4th DCA 2009) (internal footnote omitted).  As this case involves a breach of contract action and not a bad faith action, *Cotton States* is not controlling.

I would grant the petition, quash the order, and require the trial court to determine the discoverability on the principles of *Aloni*.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**