DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FAMILY SECURITY INSURANCE COMPANY,**
Petitioner,

v.

**JOSHUA H. STEIN** and **CLAUDIA E. STEIN,**
Respondents.

No. 4D22-1468

[February 8, 2023]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Gary L. Sweet, Judge; L.T. Case No. 432021CA001137CAAXMX.

Sara Sandler Cromer of Walton Lantaff Schroeder & Carson LLP, Fort Lauderdale, for petitioner.

Kevin C. Bryant of HL Law Group, P.A., Fort Lauderdale, and Thomas L. Hunker and Sarah Hafeez of Hunker Appeals, Fort Lauderdale, for respondents.

PER CURIAM.

Family Security Insurance Company ("Insurer") petitions for a writ of certiorari seeking review of a trial court's order granting respondents' ("Insureds") motion to compel production of documents from Insurer's claims file, including field adjuster notes, which Insurer withheld on a claim of privilege. We grant the petition. In an action for breach of contract where the issue of coverage is in dispute, compelling production of claims file materials without the opposing party proving the need for the materials and inability to obtain the substantial equivalent without undue hardship, constitutes a departure from the essential requirements of law resulting in irreparable harm.

Insureds filed suit for breach of contract over a coverage dispute regarding damage to their home which they claim was covered by their property insurance through Insurer. Insurer denied coverage and contested damages. Insureds filed a request to produce a broad array of documents from Insurer, including correspondence and documentation

related to Insurer's anticipation of litigation, and inspection reports reflecting the cause of loss as determined by Insurer. Insurer objected to the production of the documents as protected by the work product privilege. Insureds moved to compel the production of the documents. The trial court ultimately granted the motion ordering that the Insurer produce the Field Adjuster's loss report, nonfinal estimate, and supporting documentation. Insurer then filed this petition.

To obtain relief pursuant to a petition for certiorari, a petitioner must demonstrate that the trial court's order: (1) departs from the essential requirements of law; (2) causes material harm to the petitioner throughout the remainder of the proceedings below; and (3) leaves the petitioner with no adequate remedy on appeal. *Merchants v. Businessmen's Mut. Ins. Co. v. Bennis*, 636 So. 2d 593, 594 (Fla. 4th DCA 1994).

This court has consistently held that "an insurer's claim file constitutes work product and is protected from discovery prior to a determination of coverage." *State Farm Fla. Ins. Co. v. Aloni*, 101 So. 3d 412, 414 (Fla. 4th DCA 2012). "Thus, where the issue of coverage is still unresolved at the time of the insurer's objection to the request for discovery of its claim file, the trial court departs from the essential requirements of law in overruling the insurer's objection." *Id.*; *see also Safepoint Ins. Co. v. Gonzalez*, 307 So. 3d 936, 938 (Fla. 3d DCA 2020) (granting certiorari petition and explaining, "where the insured 'seeks relief for breach of contract[,] [a] trial court departs from the essential requirements of the law in compelling disclosure of the contents of an insurer's claim file when the issue of coverage is in dispute and has not been resolved'") (alterations in original); *Castle Key Ins. Co. v. Benitez*, 124 So. 3d 379, 380 (Fla. 3d DCA 2013) (same).

Materials generated during an insurer's investigation of a claim are generally considered work product. *Avatar Prop. & Cas. Ins. Co. v. Flores*, 320 So. 3d 840, 843 (Fla. 2d DCA 2021). Here, the field adjuster's loss report, nonfinal estimate, and supporting documentation would appear to fall squarely within this category. *See, e.g.*, *Avatar Prop. & Cas. Ins. Co. v. Mitchell*, 314 So. 3d 640, 642 (Fla. 3d DCA 2021) (finding because adjuster was tasked with investigating whether the claim was subject to coverage "the materials challenged constitute work-product"); *Zirkelbach Constr., Inc. v. Rajan*, 93 So. 3d 1124, 1129 (Fla. 2d DCA 2012) (concluding the "claims handling materials" at issue were "clearly [the Insurer]'s protected work product").

The Rules of Civil Procedure provide that work product may be discoverable under certain circumstances:

> [A] party may obtain privileged work product documents by making the required showing of a good cause exception to the work product privilege under Rule 1.280(b)(4), Florida Rules of Civil Procedure. This rule allows a party to obtain documents "that are otherwise protected by the work product privilege if it can show that it 'has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.'"

*State Farm Fla. Ins. Co. v. Marascuillo,* 161 So. 3d 493, 498 (Fla. 5th DCA 2014) (citation omitted). We noted this same requirement in *Aloni,* when we held that the court departed from the essential requirements of law "in compelling disclosure of State Farm's claim file materials without the requesting party proving need and inability to obtain the substantial equivalent of this material without undue hardship." *Aloni,* 101 So. 3d at 414. Here, the court held a hearing but did not take evidence or conduct an *in camera* examination of the documents to determine whether the requirements of the rule were met.

Insureds contend that Insurer waived its work product privilege by putting its pre-suit investigation at issue in its answer when it alleged certain causes of the damage to the home, which would have been part of its investigation. We disagree. As the court stated in *Marascuillo,* the fact that insurer asserted defenses did not allow the trial court to order the production of the entire claims file. 161 So. 3d at 498. The *Marascuillo* court conceded that some portion of the file might be discoverable based upon the good cause or exceptional circumstances exceptions in the Rules of Civil Procedure, but that the trial court departed from the essential requirements of the law "by ordering production of the entire claim file without conducting an *in camera* inspection to determine whether there are, in fact, any relevant documents that would meet the standard for production of otherwise privileged (or work product) documents or information." *Id.*

For the foregoing reasons, we grant the petition and quash the order compelling discovery.

WARNER, FORST and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3